577 P.2d 1089

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Appellant,**

v.

**Ted PAYNTER, Wayne T. Jones and Virginia W. Jones, husband and wife, dba Valley Glass & Supply, and William F. Mihailov and Amy W. Mihailov, husband and wife, Appellees.**

No. 1 CA–CIV 3575.

Court of Appeals of Arizona, Division 1, Department B.

March 16, 1978.

Rehearing Denied April 18, 1978.

---

Shimmel, Hill, Bishop & Gruender, P. C. by Charles A. Finch, William C. Blakley, Phoenix, for appellant.

Allen, McClennen & Fels by Robert H. Allen, Timothy J. Tweeton, Phoenix, for appellees.

## OPINION

EUBANK, Presiding Judge.

In this appeal, State Farm seeks to overturn the trial court's denial of its motion to intervene in an action brought against an individual insured by State Farm. Since we find no error in the trial court's denial of State Farm's motion, we affirm.

This action arose from an automobile accident which occurred on May 3, 1972. Wayne Jones was using his pickup truck to tow a forklift along U.S. Highway 60, just east of Mesa, Arizona. Ted Paynter collided with the rear of the forklift and sustained personal injuries. On January 31, 1974, Paynter filed a complaint against Jones, seeking to recover damages for his injuries.

Jones notified his insurer, State Farm, of the accident on the day it happened. State Farm subsequently disclaimed coverage under the policy. When Paynter filed his action against Jones, State Farm was again notified, and again disclaimed coverage. Jones was then forced to employ counsel and undertake his own defense.

Jones and Paynter entered into an agreement in which Paynter gave Jones a Covenant Not to Execute in return for Jones' admission of liability and assignment to Paynter of any rights Jones might have against State Farm. After a trial on the issue of damages, Paynter received a judgment against Jones for $143,956.81 on March 31, 1975.

Two weeks later, Paynter filed an action against State Farm, based on the rights Paynter had obtained through the assignment. This action proceeded through stages of discovery, until March 30, 1976, when State Farm filed its motion to intervene in the original action. Along with its motion to intervene, State Farm also filed a motion to set aside the March 31st judgment. In this motion, State Farm alleged that the judgment against Jones had been obtained through fraud and collusion. The trial court denied State Farm's motion to intervene, and consequently did not consider State Farm's other motions.

The ability of a third party to intervene in an action is provided by Rule 24, Rules of Civil Procedure, 16 A.R.S. A third party may seek intervention of right, Rule 24(a), or permissive intervention, Rule 24(b), according to the circumstances of the case. In either case, the party seeking to intervene must make a timely application for intervention. *See generally,* 7A Wright & Miller, Federal Practice And Procedure § 1916 (1972).

The timeliness of an application for intervention is a question to be determined by the trial court in the exercise of its discretion. The court's decision regarding the timeliness of an application for intervention will be disturbed only upon a showing of a clear abuse of discretion. *Chase Manhattan Bank (National Association) v. Corporacion Hotelera,* 516 F.2d 1047, 1049 (1st Cir. 1975); *Nevilles v. Equal Employment Opportunity Com'n.,* 511 F.2d 303, 305 (8th Cir. 1975). Among the factors a court must consider in ruling on a motion to intervene are the stage to which the action has progressed before intervention is sought, and whether the applicant was in a position to seek intervention at an earlier stage of the proceedings. *See Chase Manhattan Bank, supra;* 7A Wright & Miller, *supra.*

Applying these two factors, we are unable to find an abuse of discretion on the record of this case. State Farm had ample opportunity to enter the case earlier. Indeed, Jones twice requested State Farm to enter the case, and State Farm twice refused. Further, State Farm's attempt to intervene took place one year after judgment was entered in the action. An application for intervention made after final judgment is timely only in "extraordinary and unusual circumstances." *N. L. R. B. v. Shurtenda Steaks, Inc.,* 424 F.2d 192, 194 (10th Cir. 1970); 7A Wright & Miller, supra, at 579. State Farm has neither shown sufficient justification for its failure to intervene earlier nor demonstrated extraordinary and unusual circumstances justifying intervention after judgment. State Farm's

allegations of fraud and collusion may be considered in the action against them filed by Paynter.[1]

State Farm argues that the cases of *Edler v. Edler*, 9 Ariz.App. 140, 449 P.2d 977 (1969), and *Lawrence v. Burke*, 6 Ariz.App. 228, 431 P.2d 302 (1967), support reversal of the trial court. While both of those decisions allowed State Farm to intervene after judgment, neither of the opinions discussed the issue of timeliness. In both cases the court necessarily must have found the applications timely. There is no language in these cases, however, that requires a court to grant a motion to intervene after judg-ment in every case. Each case must be decided on its own facts.

We find no abuse of discretion by the trial court.

Affirmed.

JACOBSON and OGG, JJ., concur.

---

1. We note also that State Farm has filed yet a third action, in which it attempts to set aside Paynter's judgment in the original action on grounds of fraud.