747 P.2d 633

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JS–7135.**

**No. 1 CA–JUV 388.**

Court of Appeals of Arizona, Division 1, Department D.

Dec. 24, 1987.
Review Denied May 10, 1988.

Owens, Rybarsyk & Nussbaum, P.C. by C.D. Owens, Jr., Scottsdale, for appellant Donald Allison.

Florence Allison, in pro per.

Herbert Warren Kalish, Phoenix, for appellant Jack Allison.

Edward W. Parker, Phoenix, for Sharon Palmo Deichmueller.

Paul S. Harter, Phoenix, for the Minor Child.

## OPINION

EUBANK, Judge.

The threshold issue in this appeal is whether the juvenile court erred or abused its discretion by refusing to permit a child's grandparents to intervene in a termination of parental rights action brought by the natural mother ("mother") against their son, the natural father ("father"), when both the mother and father of the child are living, and each, including the child, has appeared in the action, represented by separate counsel. The grandparents also appeal the juvenile court's denial of a host of collateral motions, petitions, and counterclaims which they filed in the juvenile court.[1] We do not reach those issues because the juvenile court did not err or abuse its discretion in denying intervention to the grandparents.

The child who is the subject of this termination action is twelve years old, and has been the subject of an extended, bitterly-contested custody dispute between the grandparents and the mother over the past nine years.

On August 18, 1986, the mother filed a petition for termination of parent-child relationship, alleging failure by the father to maintain a parental relationship with the child, and failure to provide support. The mother did not serve process upon the grandparents.

On November 24, 1986 the grandfather filed a "Motion for Joinder of Indispensable Party," which the juvenile court treated as a motion to intervene. Acting separately, the grandmother filed a "Notice to Join Necessary Parties," which also was essentially a motion to intervene.

On January 21, 1987, the father appeared and filed an affidavit stating that the child's mother and her current husband had interfered with his parental rights. The father also filed a motion to appoint attorneys for himself and the child. The motion was granted. Subsequently, the father, through his attorney, filed a response supporting the grandparents' motions to intervene. The child also responded through her attorney, but opposed intervention by the grandparents.

On March 4, 1987, by minute entry order, the juvenile court denied the grandparents' motions to intervene, and consequently found that the issues raised by the grandparents' other motions were moot. On March 19, 1987, both the grandmother and the grandfather separately appealed from the court's March 4 ruling.

## I. INTERVENTION OF RIGHT.

The grandparents argue that as a matter of statutory right, they must be permitted to intervene. Rule 24(a), Arizona Rules of Civil Procedure ("Rule"), provides:

junction prohibiting harassment, etc. with an order to show cause; a motion to deny severance; and a motion to deny and to strike.

---

1. A representative sample of these includes: a motion to dismiss the mother's petition to sever the parent-child relationship; a petition for in-

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

This rule is expressly made applicable to juvenile cases by Rule 29, Arizona Rules of Procedure for the Juvenile Court. Thus, our initial inquiry has two prongs: (1) whether the statutes providing for termination of the parent-child relationship, A.R.S. §§ 8–531 to 8–544, confer upon the grandparents an unconditional right to intervene; and (2) whether the grandparents have any right which as a practical matter may become impaired if they are not permitted to intervene.

■ Concerning the first prong, the termination statutes do not confer an unconditional right to intervene upon grandparents. Specifically, A.R.S. § 8–531(12) states that the term "parties" to a termination action "includes the child and the petitioners." The grandparents are not the petitioners in this action. However, this definition of "parties" is not exclusive in nature, as shown by the presence of the word "includes," rather than some other word of exclusion. Other potential parties are identified in A.R.S. § 8–535(A) (Supp. 1987), which requires that notice of a termination action be given to:

the parents of the child, the guardian of the person of the child, the person having legal custody of the child, any individual standing in loco parentis to the child and the guardian ad litem of any party as provided for service of process in civil actions.

The grandparents do allege that they have legal custody of the child. The record indicates that for a short time, the grandparents did have temporary custody of the child.

Nevertheless, the record is equally clear that on October 24, 1986, in the collateral custody proceeding the Superior Court expressly found as follows:

IT IS HEREBY ORDERED: ... [a]ffirming and declaring that Mother is the legal custodian of [the minor child] and has so been since July 16, 1980.

This order was not timely appealed. Rule 9, Arizona Rules of Civil Appellate Procedure. Thus, for purposes of this appeal we must deem the order valid and enforceable.[2] *Walker v. Davies*, 113 Ariz. 233, 235, 550 P.2d 230, 232 (1976) (citing *School Dist. # 1 of Navajo County v. Snowflake U.H.S. Dist.*, 100 Ariz. 389, 391–92, 414 P.2d 985, 987 (1966)); *Bill by and through Bill v. Gossett*, 132 Ariz. 518, 520, 647 P.2d 649, 651 (App.1982). *Cf.* Rule 58, Arizona Rules of Civil Procedure. Accordingly, it is the law of this case that the mother, and not the grandparents, had legal custody of the child at the time of the petition for termination. As a result, the grandparents are not parties to the termination action within the contemplation of the relevant statutes, and they are not entitled under Rule 24(a)(1) to intervene as a matter of right.

■ We now turn to the second prong, whether the grandparents are entitled to intervention of right under Rule 24(a)(2). Under this rule, intervention must be permitted

when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

Rule 24(a)(2), Arizona Rules of Civil Procedure. However, a bare allegation that one's interest may become impaired does not, without more, create a right to intervene. The State Bar Committee Note accompanying the 1966 amendment to Rule 24(a) states:

---

**2.** An appeal is pending, (No. 1 CA–CIV 9631), in which the grandparents contest the March 20, 1987 denial of a motion for reconsideration of the October 24, 1986 order. Our determination here concerns the validity of the October 24, 1986 order, and is res judicata for purposes of this case only. We make no comment regarding the propriety of the denial of the motion for reconsideration.

Whether a party is in fact so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interests is a question to be determined by the court; *it is not sufficient that such an impairment or impediment is pleaded.*

16 A.R.S.Rules of Civil Procedure at 199 (emphasis added). In this regard, we have previously stated:

Persons who do not demonstrate their right to intervene are not entitled to intervene.

\* \* \* \* \* \*

"[T]he interest which an intervenor must have is a direct and immediate interest in the case, so that the judgment to be rendered would have a direct and immediate effect upon his rights, and not merely a possible and contingent equitable effect."

*Morris v. Southwest Savings and Loan Association,* 9 Ariz.App. 65, 68, 449 P.2d 301, 304 (1969) (quoting *Miller v. City of Phoenix,* 51 Ariz. 254, 263, 75 P.2d 1033, 1037 (1938)).

The grandparents merely assert in a general manner that their interests are not the same as their son's parental interests. As their sole authority for this, they cite subsection (D) of the grandparent visitation rights statute, A.R.S. § 25–337.01(D) (Supp.1987), which provides that grandparental visitation rights automatically terminate if the minor child is adopted or placed for adoption. Thus, they suggest that their potential visitation rights will be cut off if their son's parental rights are terminated. This is incorrect.

Under A.R.S. § 25–337.01(D) the grandparents' potential visitation rights would terminate not upon the termination of their son's parental rights, but rather, only if and when the child is actually adopted or placed for adoption. This is not an adoption proceeding, and the possible termination of the grandparents' potential visitation rights is not before us at this time. Any such rights the grandparents may have will not become impaired if they are not permitted to intervene in this action. Moreover, even if, ultimately, the father's

parental rights are terminated, we cannot say upon this record and the meager grounds put forth by the grandparents that they have any interest whatsoever which will be directly or even indirectly impaired.

We find, therefore, that the grandparents have failed to demonstrate their right to intervene under Rule 24(a)(2). The juvenile court did not err in denying intervention to the grandparents, because they are not entitled to intervention as a matter of right under either Rule 24(a)(1) or Rule 24(a)(2).

## II. PERMISSIVE INTERVENTION.

The grandparents also argue that they are entitled to permissive intervention under Rule 24(b), which gives the trial court discretion to permit intervention "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common." Rule 24(b)(2), Arizona Rules of Civil Procedure. "Permissive intervention is well within the discretion of the trial court, but is nonetheless subject to appellate review." *Bechtel v. Rose,* 150 Ariz. 68, 72, 722 P.2d 236, 240 (1986) (citing *Spangler v. Pasadena City Bd. of Education,* 552 F.2d 1326, 1329 (9th Cir.1977)).

The grandparents cite *Bechtel v. Rose* in support of their motion to intervene. In that case, the grandparents of an infant moved to intervene in a dependency proceeding where the infant's mother had been killed in an auto accident and the father had formally relinquished his parental rights to the child. The infant had already been "bereft of family" for one-half of his life. *Id.* at 71, 722 P.2d at 239. Responding to those facts, the supreme court carefully expressed and limited its holding:

In Arizona grandparents are … eligible to be considered as guardians for their dependent grandchildren. A.R.S. § 8–241(A)(1)(g). However, we do not hold that mere eligibility for consideration automatically confers a right to intervene in dependency proceedings. Our holding today is that *grandparents should be allowed to intervene in their parentless grandchildren's dependency proceedings unless it would not be in the child's best interest.*

*Id.* at 74, 722 P.2d at 242 (emphasis added). Thus, in the specific context of dependency actions involving parentless children, grandparents may intervene absent a showing that intervention would be contrary to the child's best interest.

However, *Bechtel* is distinguishable and does not control this case. A most important distinction is that the child at the vortex of this controversy is not parentless or in any way "bereft of family." Both parents are living. Both continue to have parental rights and obligations to the child. Moreover, both parents and even the child have attorneys and are present in this action. None of these facts were present in *Bechtel.*

Furthermore, unlike *Bechtel*, this is not a dependency proceeding, but rather a termination of parental rights action. The state is not a party here, and is not attempting to assert custody or guardianship rights superior to the natural ties between the child and its family.

We mirror, however, the court's respect for the integrity of the family, so eloquently stated in *Bechtel:*

> We have always placed a high value on the integrity of the family. In one of our earliest decisions we noted that, "The voice of nature ... cannot be silenced. 'The law does not fly in the face of nature, but rather acts in harmony with it.' " ... It has been repeatedly emphasized that "courts should bend over backwards, if possible, to maintain the natural ties of birth."

*Id.* at 73, 722 P.2d at 241 (citations omitted). This concern for the preservation of natural family ties is fully satisfied in this case by the presence of both parents. Since the parents themselves are the litigants here, there is no issue nor even the suggestion of a non-familial placement of the child.

Of course, as the court also emphasized in *Bechtel*, we must be guided by the venerable rule "that the best interest of the child shall govern." *Id.* at 72–73, 722 P.2d at 241–242. *See also In re Pima County Juvenile Action No. J–31853*, 18 Ariz.App. 219, 220, 501 P.2d 395, 396 (1972) ("The welfare of a child is the prime consideration of a juvenile code."). With the child's welfare at heart, we note that Rule 24(b) mandates that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Thus, we are particularly concerned that the juvenile court exercise its discretion in a manner which will preserve and further the best interest of the child, avoiding delay and prejudice to the child at all costs.

In this regard, we find it highly persuasive that the child's court-appointed attorney has unambiguously stated his view that the grandparents'

> sole objective in this litigation is to make the minor child a pawn in the ongoing battle ... between the paternal grandparents and the mother. The struggle is not in the best interest of the minor child, is offensive to decent persons and should not be tolerated by this Court.

Moreover, the parties and the grandparents have clearly demonstrated their propensity for extended, bitterly contested, intrafamilial litigation which borders on outrageousness. They have openly admitted on the record that their collaterally-related custody dispute has consumed approximately nine years: fully three-fourths of the life of this child.

For these reasons, and, again, with a view toward the best interest of the child and the requirements of Rule 24(b), we are constrained to observe that if the grandparents are permitted to intervene here, there is a significant likelihood that undue delay and complication will result, with resulting prejudice to the child. On these facts, then, we find that the juvenile court properly exercised its discretion by denying permissive intervention to these grandparents.

The order below is affirmed.

FROEB, P.J., and HAIRE, J., concur.