784 P.2d 268

**Peggy L. WEAVER, a single woman, Plaintiff–Appellee,**

**v.**

**SYNTHES, LTD. (U.S.A.), a Pennsylvania corporation; Taylor & Cawthorne, Ltd.; and Gregory D. Lantz, Defendants–Appellants.**

**No. 1 CA–CV 88–131.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 22, 1989.

Review Denied Jan. 16, 1990.

James F. Brook, Baker & Marcus by John R. Baker, Tempe, Shimmel, Hill, Bishop & Gruender, P.C. by Cathy L. Reece, David N. Farren, Phoenix, for plaintiff-appellee.

Jennings, Strouss & Salmon by M. Byron Lewis, William T. Birmingham, Phoenix, for defendant-appellant Synthes.

Gallagher & Kennedy, P.A. by Michael K. Kennedy, Wendi A. Sorensen, Constance C. Brockelman, Phoenix, for defendants-appellants Taylor & Cawthorne and Lantz.

## OPINION

EUBANK, Acting Presiding Judge.

This is an appeal from an order denying a motion to set aside a default judgment entered as a sanction for failure to comply with a discovery order. Additionally, the law firm which represented the party against whom the default was taken has appealed from an order denying its motion to intervene in the trial court. We reverse and remand for the purpose of having the trial court conduct an evidentiary hearing as required by *Birds Int'l Corp. v. Arizona Maintenance Co.*, 135 Ariz. 545, 662 P.2d 1052 (App.1983), *Robinson v. Higuera*, 157 Ariz. 622, 760 P.2d 622 (App.1988), and *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 772 P.2d 1155 (App.1989). We affirm the order denying the motion to intervene.

## PROCEDURAL HISTORY

Peggy L. Weaver filed a products liability action against Synthes, Ltd., aka Synthes, aka Synthes Chur, dba Synthes, Ltd., U.S.A. (Synthes), seeking damages for personal injuries caused by an allegedly defective orthopedic appliance manufactured by Synthes. After Synthes filed an untimely answer to the complaint, Weaver served Synthes with non-uniform interrogatories, request for admissions, and a request for production of documents. Synthes answered the admissions and filed a response to the interrogatories and request for production of documents. However, numerous documents that had been requested were not produced and the response to the interrogatories was deemed inadequate by Weaver's counsel.

On January 2, 1987 Weaver served a second request for production which was never answered. On March 24, 1987 Weaver filed a motion to compel discovery. Synthes did not respond to the motion and it did not appear in court for oral argument on May 28, 1987. The trial court then continued the oral argument to June 12, 1987.

On June 12, 1987, after Synthes again had not responded to the motion to compel and did not appear for oral argument, the trial court granted the motion to compel and entered an order stating that unless Synthes answered the interrogatories and produced the requested documents by June 30, 1987, default would be entered. The order further directs Synthes to pay Weaver's attorney's fees in the amount of $100 on or before June 30, 1987.

On June 30, 1987, Synthes filed a supplement to its production of documents and a supplement to the answers to interrogatories which Weaver's counsel has described as a "token effort." No additional documents were provided and various questions remained unanswered. In addition, Synthes did not pay $100 for attorney's fees as directed.

Weaver filed a motion to enter a default against Synthes. The trial court set an oral argument on the motion for August 3, 1987. Synthes did not respond and the trial court granted the default, and the clerk entered a default. On August 13, 1987, the court entered a formal order granting default and scheduling a hearing on damages for October 16, 1987.

On October 16, 1987, Synthes appeared through its attorney Gregory Lantz, of the law firm of Taylor & Cawthorne, Ltd. This is the same counsel who was involved in *Lenze v. Synthes, Ltd., supra.* The trial court denied Lantz' motion for a continuance. William Birmingham, an attorney with Jennings, Strouss & Salmon, also appeared at the hearing. Mr. Birmingham made a request for a continuance, and offered to present argument in favor of Synthes. Birmingham indicated that although there had been no formal substitution of counsel, Synthes had requested that he be substituted for present counsel. He also stated that he had not learned until the previous day that a default had been entered. The trial court denied a continuance and Lantz represented Synthes at the ensuing hearing.

In lieu of an opening statement Lantz moved to strike the testimony of certain witnesses whose identity and testimony had not been disclosed prior to the hearing. This motion was also denied. The hearing on damages was not completed on October 16th and was continued to October 22, 1987.

On October 22, Lantz filed a formal motion for relief on the basis that: (1) he had failed to receive notice of the default hearing, (2) the testimony of three experts had been erroneously admitted and he had not had an opportunity to prepare to cross examine those witnesses, and (3) his failure to respond to the motion to enter the default was a result of his being on vacation out of state. Lantz' motion also indicated that he would have relied on *Birds Int'l Corp. v. Arizona Maintenance Co.,* 135 Ariz. 545, 662 P.2d 1052 (App.1983), with respect to the need to determine whether there was willful disobedience of the discovery pro-

cess. Although citing *Birds,* the motion does not attempt to distinguish the acts of Lantz from the acts of his client. Lantz also filed another motion to continue the hearing because he had been discharged by Synthes. The trial court denied the motion for relief and motion to continue.

The damages hearing resumed and on October 28, 1987, the trial court granted Weaver judgment and damages in the amount of $1,895,100 with interest and costs. After judgment was entered, Synthes formally substituted Birmingham and his law firm as counsel of record. Birmingham filed a second motion to set aside the default and default judgment, and also moved for a new trial.

On December 18, 1987, Lantz and the law firm of Taylor & Cawthorne, Ltd., obtained their own counsel and filed a motion to intervene for the purpose of filing a motion to set aside the default and default judgment and for a new trial. These motions and an accompanying affidavit were sealed at the movants' request by order of the trial court. On January 13, 1988 the trial court denied Synthes' post-trial motions and denied the law firm's motion to intervene.

Synthes has appealed from the judgment and from the order denying its motions to set aside the default and the default judgment and for a new trial. Taylor & Cawthorne, Ltd. and Gregory Lantz have filed a notice of appeal from the order denying their motion to intervene.

## FAILURE TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT AND FAILURE TO GRANT A NEW TRIAL

■ If our consideration were limited to whether the acts of Synthes' counsel in failing to respond to discovery requests and motions and failing to obey court orders justified entry of default, we would conclude that the trial court acted well within its discretion by refusing to set aside the default. However, the record raises questions of whether Synthes itself was guilty of misconduct or whether the

misconduct was solely due to the acts of its attorney.

The standard of review of a trial court order striking pleadings for discovery misconduct is whether, on the record, a clear abuse of discretion has been demonstrated. Rule 60(c), Arizona Rules of Civil Procedure; *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984). *See Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 772 P.2d 1155 (App.1989).

Generally, the neglect of an attorney is attributable to the client. *Treadaway v. Meador*, 103 Ariz. 83, 436 P.2d 902 (1968). However, in *Treadaway*, the Arizona Supreme Court concluded that where the party has not engaged in misconduct, it should not suffer default as a result of its counsel's misconduct. *Id.* *See Lenze v. Synthes, Ltd.*, 160 Ariz. at 305, 772 P.2d at 1158.

In *Birds Int'l Corp. v. Arizona Maintenance Co.*, 135 Ariz. 545, 662 P.2d 1052 (App.1983), and most recently in *Robinson v. Higuera*, 157 Ariz. 622, 760 P.2d 622 (App.1988), this court has held that when there is a question of whether the party is guilty of misconduct, a hearing is required to settle the question. *See Lenze v. Synthes, Ltd.*, 160 Ariz. at 305–06, 772 P.2d at 1158–59.

Here, Weaver contends that the trial court considered Synthes' position. Weaver asserts that an evidentiary hearing in all circumstances is not necessary to make such a determination. In *Robinson*, we noted that where willfulness, bad faith or fault of the party is clear from the record, a hearing may not be necessary. 157 Ariz. at 624, 760 P.2d at 624, (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, L.Ed.2d 734 (1962)). However, the record here is not·clear.

James E. Gerry, the corporate representative responsible for working with Attorney Lantz, filed an affidavit in connection with the motion to set aside default. The affidavit contended that Lantz failed to advise Synthes of: the request to supplement discovery, the motion to compel, the court order to supplement, the motion for entry of default or that default had been entered.

In response to the affidavit, Weaver argued that discovery responses filed by Lantz indicated that Synthes was aware of the need to supplement. Weaver's response also referred to allegations of Synthes' disregard for the discovery process in the other case in which default had been entered. The response contains *arguments*, which, if true, would support a finding that Synthes was at fault. However, it did not provide *evidence* of Synthes' culpability. This record is insufficient by itself to hold Synthes responsible for its attorney's action and inaction.

We conclude that fundamental fairness requires that the court hold an evidentiary hearing to determine whether Synthes' counsel was solely responsible for the discovery violations involved in this case. If the trial court finds that Synthes willfully, with bad faith or through its own fault failed to comply with discovery orders, then the court may, if it still deems such a sanction appropriate, reinstate the default judgment against Synthes. If the trial court finds that Synthes was not at fault, it may select whatever other sanction it deems appropriate under Rule 37(b)(2). *See Robinson v. Higuera*, 157 Ariz. at 624, 760 P.2d at 624.

### MOTION TO INTERVENE

Taylor & Cawthorne, Ltd. and Gregory Lantz filed their motion to intervene on December 18, 1987 accompanied by motions to set aside the default and default judgment, motion for new trial and an accompanying affidavit. All of these documents were sealed by order of the trial court upon motion by the intervenors. These motions were denied.

Rule 24, Arizona Rules of Civil Procedure, sets forth the requirements for intervention as follows:

24(a) Intervention of right.

Upon timely application anyone shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to the property or transac-

tion which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest.

The prospective intervenors predicate their intervention of right upon subsection (2) of Rule 24(a). In order to demonstrate intervention of right, they must satisfy the following conditions: (1) their application must be timely and (2) they must have an interest relating to the subject of the action and be so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest. *Winner Enterprises, Ltd. v. Superior Court,* 159 Ariz. 106, 765 P.2d 116 (App. 1988).

The timeliness requirement is a flexible one and ascertaining its existence is normally left to the sound discretion of the trial court. *Winner Enterprises, Ltd. v. Superior Court,* 159 Ariz. at 109, 765 P.2d at 119. *State Farm Mut. Auto. Ins. Co. v. Paynter,* 118 Ariz. 470, 471, 577 P.2d 1089, 1090 (App.1978). *See also,* 7C Wright, Miller & Kane, *Federal Practice and Procedure* § 1916, at 422 (1986). Whether the facts in each case are sufficient to establish a right to intervene is initially determined by the trial court in its discretion. The trial court's determination that a motion to intervene is untimely will be disturbed only upon a showing of a clear abuse of discretion. *Winner Enterprises, Ltd. v. Superior Court,* 159 Ariz. at 109, 765 P.2d at 119; *State Farm Mut. Ins. Co. v. Paynter,* 118 Ariz. at 471, 577 P.2d at 1090. "[T]he most important consideration in deciding whether a motion is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Winner Enterprises, Ltd. v. Superior Court,* 159 Ariz. at 109, 765 P.2d at 119, (quoting 7C Wright, Miller & Kane, *supra,* at 435).

The prospective intervenors waited until two months after judgment and four months after they knew of the default to attempt intervention. A motion to intervene after judgment is considered timely only in extraordinary and unusual circumstances. *See Gonzalez–Burgueno v. National Indemnity Co.,* 134 Ariz. 383, 384, 656 P.2d 1244, 1245 (App.1982); *State Farm Mut. Auto. Ins. Co. v. Paynter,* 118 Ariz. at 471, 577 P.2d at 1090. Post judgment motions to intervene are not per se untimely, however, they are not favored. *In re One Cessna 206 Aircraft, FAA Registry No. N–72308, License No. U–206–1361,* 118 Ariz. 399, 401, 577 P.2d 250, 252 (1978).

The trial court set forth two grounds for denying the motion to intervene, one of which, although made in connection with permissive intervention under subsection (b), is equally applicable under Rule 24(a). The court stated:

> The court in its discretion denies intervention under Arizona Civil Rule 24(b)(2), also urged by movants, because, despite the commonality of questions of law and fact relating to the Synthes default, the court finds that intervention would unduly delay and prejudice the adjudication of the rights of the plaintiff.

Whether parties seek to intervene as a matter of right under subsection (a) or subsection (b) of Rule 24, the application must be timely. *State Farm Mut. Auto. Ins. Co. v. Paynter,* 118 Ariz. at 471, 577 P.2d at 1090.

As previously quoted and discussed in connection with the trial court's failure to set aside the default, the trial judge's minute entry of December 23, 1987 indicates his great concern with prejudice to the plaintiff. It refers to the fact that the plaintiff had already been required to expend money to put on her proof of damages and had been put through considerable personal agony. More specifically, with respect to that personal agony, the trial court stated:

> Her injury, caused totally and solely by the breakage of defendant's compression plate (according to the cross-examined medical testimony), is great. Her medical condition is precarious, such that it is dangerous for her to ambulate, and, to the court's observation, it is for her a matter of great physical pain to do so. Ongoing infection in the broken ankle

has caused doctors permanently to implant in her chest a catheter through which intravenous antibiotics may be introduced without delay.

A review of the evidence (including especially the testimony of plaintiff and the video-taped testimony of her treating physician, Dr. Silver) should convince any tribunal that a repeat of the trial process would be a devastating personal, physical, and financial experience for the plaintiff.

These are the facts that the trial court weighed against the interests of Lantz and his former law firm when they moved to intervene.

■ We describe the arguments made by the prospective intervenors only in general terms because of the status of the record. Upon motion of the intervenors, this court has sealed the appellate briefs and various motions before this court because of the confidential nature of certain medical testimony. The prospective intervenors' basic argument to the trial court was that recently discovered medical evidence could have led the trial court to believe that Lantz' actions were excusable. They contended that the motion to intervene was late because it was prompted by a doctor's examination and diagnosis. However, there was also evidence which gives rise to a reasonable inference that a doctor's examination and diagnosis were sought in order to supplement a previously considered motion to intervene.[1] The trial court weighed this arguably exculpatory evidence and the delay in raising it against the added physical pain and financial expenditure to Weaver if intervention was permitted and denied the motion to intervene. We cannot say that this was an abuse of discretion.

■ We conclude that the trial court was justified in denying a right to intervene under Rule 24(a) on grounds of timeliness alone. However, we also find that the trial court acted well within its discretion for the other reason stated in its minute entry:

[T]he court holds that Arizona Civil Rule 24(a)(2), urged by movants, is inapplicable because there is no showing that their *ability* to protect their interest is in any way impaired by being denied participation in the present action.

(Emphasis in original).

A bare allegation that one's interest may become impaired does not, without more, create a right to intervene. *In re Juvenile Action No. JS–7135*, 155 Ariz. 472, 474, 747 P.2d 633, 635 (App.1988). *See* State Bar Committee note accompanying the 1966 amendment to Rule 24(a).

It is well established in Arizona that:

[T]he interest which an intervenor must have is a direct and immediate interest in the case, so that the judgment to be rendered would have a direct and legal effect upon his rights, and not merely a possible and contingent equitable effect.

*Miller v. City of Phoenix*, 51 Ariz. 254, 263, 75 P.2d 1033, 1037 (1938). *See also In re Juvenile Action No. JS–7135*, 155 Ariz. at 475, 747 P.2d at 636; *Morris v. Southwest Savings & Loan Ass'n*, 9 Ariz.App. 65, 68, 449 P.2d 301, 304 (1969).

The interest professed by the prospective intervenors in their motion to intervene was "strong, ethical and moral duties to [Mr. Lantz'] former client to attempt to move to set aside the default judgment based upon ... illness." They claim that Lantz' illness would continue to prejudice their former client "unless the trial court is apprised of the facts and allowed to rule upon their sufficiency to set aside the default judgment."

First, we note that these facts were presented to the trial judge who in weighing them against the prejudice to Weaver apparently concluded that they were not sufficient. Further, courts have consistently found that the interest required to satisfy Rule 24(a) "must be based on a right which belongs to the proposed inter-

---

1. We note also that Taylor & Cawthorne, Ltd. and Lantz have attempted to support their position on appeal with additional evidence that was not before the trial judge when he made his ruling. This material was stricken by order of this court dated July 18, 1988, and has not been considered on appeal.

venor rather than to an existing party . . . ." *In re Penn Central Commercial Paper Litigation,* 62 F.R.D. 341, 346 (S.D.N.Y. 1974), *aff'd* 515 F.2d 505 (2d Cir.1975); *see also Heyman v. Exchange Nat'l Bank of Chicago,* 615 F.2d 1190, 1193 (7th Cir.1980).

The law firm's reference to ethical and moral obligations owed to one's clients describes the interest of the *client.* Any attorney who has represented a client in court may well be interested in the result of the action but has "no 'interest in' the right of action itself." *Richfield Oil Corp. v. LaPrade,* 56 Ariz. 100, 105, 105 P.2d 1115, 1118 (1940).

■ While the prospective intervenors' interest may relate to the subject matter of a possible future malpractice claim, it has nothing to do with the subject matter of Weaver's original and independent action against Synthes. This contingent or speculative liability is insufficient to permit intervention in Weaver's action as a matter of right. Any right to litigate that matter in a separate action, if one is filed, would not be foreclosed by Weaver's judgment.

We consider next whether the trial court abused its discretion in denying intervention pursuant to Rule 24(b), Arizona Rules of Civil Procedure, which provides:

Permissive intervention.

Upon timely application anyone may be permitted to intervene in an action:

1. When a statute confers a conditional right to intervene.

2. When an applicant's claim or defense and the main action have a question of law or fact in common.

In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Permissive intervention is well within the discretion of the trial court but is nonetheless subject to appellate review. *See Bechtel v. Rose,* 150 Ariz. 68, 72, 722 P.2d 236, 240 (1986) (citing *Spangler v. Pasadena City Bd. of Education,* 552 F.2d 1326, 1329 (9th Cir.1977)).

As previously discussed, the issue of timeliness is applicable to both intervention of right and permissive intervention. We have already concluded that the trial judge did not abuse his discretion in finding the motion to be untimely in light of the severe hardship it would impose on Weaver. We therefore find that the trial court did not err in denying permissive intervention under Rule 24(b).

Nevertheless, we note that in light of our reversal of the default judgment, the interests weighed by the trial judge when the motion to intervene was filed may not remain the same when this matter is remanded for an evidentiary hearing on Synthes' separate culpability. If the trial court finds that default is not appropriate against Synthes, a new trial might be necessary. Our affirmance of the trial court's denial of the motion to intervene does not bar Taylor & Cawthorne, Ltd. and Lantz from again seeking to intervene nor does it preclude the trial court from reconsidering, in its sole discretion, any such motion.

Weaver's request for attorney's fees is granted as to the motion to intervene by Taylor & Cawthorne and Lantz. Attorney's fees in the appeal brought by Synthes are denied. Attorney's fees will be determined upon Weaver's submission of an affidavit in compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

In our order of December 21, 1988, we deferred ruling on appellee's motion to strike Appendix A attached to intervenors' reply brief and all references to it. We now grant appellee's motion and strike Appendix A of intervenors' brief and all references to it because it was not before the trial court.

The default and default judgment are reversed; the order denying intervention is affirmed; and this matter is remanded for proceedings in accordance with this opinion.

JACOBSON, J., and HAIRE, J., Retired, concur.

*Note:* Retired Judge LEVI RAY HAIRE was authorized to participate in this appeal

by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.