204 P.3d 1106

## ZENITH ELECTRONICS CORPORATION, Petitioner,

v.

The Honorable Eddward BALLINGER, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Public Citizen, Barbara Cassidy, Real Parties in Interest.

No. 1 CA–SA 008–0282.

Court of Appeals of Arizona, Division 1, Department D.

March 5, 2009.

Quarles & Brady LLP by Brian R. Booker, Phoenix, Attorneys for Petitioner.

Osborn Maledon, P.A. by David B. Rosenbaum, Phoenix, Attorneys for Public Citizen.

Richard L. Langerman, Phoenix, Attorney for Barbara Cassidy.

## OPINION

WEISBERG, Judge.

¶ 1 This special action concerns the granting of a post-judgment motion for permissive intervention, filed by a nonparty public interest organization, in a wrongful death lawsuit brought by Barbara Cassidy against Zenith Electronics Corporations ("Zenith") that has been settled and dismissed. Cassidy's lawsuit involved allegations that a defective Zenith television caused a fire that killed Barbara Cassidy's father, Robert Cassidy. During the litigation, Zenith produced a number of documents through discovery subject to a very broad protective order. After the case was dismissed by stipulation, Public Citizen learned of the lawsuit and filed a motion to intervene for the limited purpose of gaining access to certain materials that Zenith had produced to Cassidy pursuant to the protective order.

¶ 2 Because the superior court granted the motion to intervene, Zenith seeks special action relief and asserts that the court abused its discretion in granting an untimely motion to intervene to a stranger to the Cassidy litigation, particularly when the discovery materials were subject to a protective order that applied to the materials both during and after the lawsuit. For reasons that follow, we accept special action jurisdiction of the narrow question of the propriety of post-judgment intervention but deny relief without prejudice to Zenith's right to seek review of a possible subsequent order modifying the pre-existing protective order.

## BACKGROUND

¶ 3 In June 2007, during litigation of Cassidy's lawsuit, the superior court ordered Zenith to produce product design documents and other materials. After Zenith unsuccessfully sought agreement with Cassidy on the terms of a protective order, it produced more than 22,000 pages of documents. In July, however, Zenith filed a motion for a protective order, contending that the disclosed documents were sensitive and confidential, that Cassidy should be barred from "disseminating ... information to parties unrelated to this case," and that restricted use of the discovery materials properly balanced the needs of the plaintiff, Zenith, and the public. Cassidy's response argued not only waiver and lack of good cause but that the public interest outweighed Zenith's interest in confidentiality and that the proposed order was overbroad and would not "permit collaboration among[ ] similarly situated litigants." Zenith's reply clarified that it sought protection of information relating solely to product design and development, "including communications with the Consumer Product Safety Commission [ ("CPSC") ] that relate to design and development."

## The Protective Order

¶ 4 In February 2008, Judge Michael D. Jones signed a protective order drafted by Zenith covering discovery materials produced under prior court orders. The protective order was issued to "provide a means for limiting access to, and disclosure of, Confidential Information" produced during discovery, pre-trial and trial proceedings. It allowed disclosure to the court, the parties and their attorneys, their support staff and legal assistants, and to experts and consultants "to the extent reasonably necessary for purposes of prosecuting or defending this lawsuit."

¶ 5 In addition, the order stated, "At the conclusion of this lawsuit, each document designated as Confidential Information, and all copies thereof, shall be returned upon request to the person who provided it." The restrictions were "applicable only to the use or disclosure of Confidential Information by the recipient" and the parties' obligation would "survive the termination of this lawsuit unless otherwise modified by the Court." Specifically, the court directed that it would "retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate."

## Settlement Occurs

¶ 6 On April 10, 2008, Cassidy filed a notice of settlement. On May 1, Judge Jones signed an order dismissing the case with prejudice.[1]

## Public Citizen's Motion to Intervene

¶ 7 On June 11, Public Citizen moved to intervene pursuant to Arizona Rule of Civil Procedure ("Arizona Rule") 24(b)[2] in order to obtain "modification of the protective order precluding public disclosure of documents produced." In support of its motion, Public Citizen largely relied upon a number of federal cases concerning intervention by parties involved in collateral litigation. Public Citizen attached a proposed Motion to Modify, which asserted a public right of access to all documents produced by Zenith in the absence of court findings that the need for confidentiality outweighed the public interest in those materials. The Motion to Intervene argued that the discovery materials covered

---

1. On May 20, Cassidy asked the court to modify the protective order because a Congressman had requested information on other incidents involving Zenith televisions and communications between Zenith and the CPSC. Cassidy argued that the court had not made factual findings required by Arizona Rule of Civil Procedure 26(c) or a finding of "any possible risk to the public health safety or financial welfare" that the protected information may reveal. By then the case had been reassigned to Judge Eddward Ballinger, Jr., who denied the request.

2. Rule 24(b) governs permissive intervention. It states:

> Upon timely application anyone may be permitted to intervene in an action: 1. When a statute confers a conditional right to intervene. 2. When an applicant's claim or defense and the main action have a question of law or fact in common.
>
> In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

by the protective order "will help the public learn of any dangers caused by the projection televisions at issue in the 1998 and 2003 recalls and ... will shed light on the [CPSC's] conduct during those recalls." The motion did not assert that any other litigation was pending in which the documents would be useful.

¶ 8 In its response, Zenith argued that Public Citizen's request was untimely and that no common question of law or fact existed between the Cassidy suit and Public Citizen. Zenith cited *Weaver v. Synthes, Ltd.*, 162 Ariz. 442, 446, 784 P.2d 268, 272 (App. 1989), a case interpreting Arizona Rule 24(a), which governs intervention as of right. *Weaver* held that the trial court has discretion to determine timeliness, that the most important consideration is whether delay in seeking to intervene would "prejudice the existing parties" in the case, that "[a] motion to intervene after judgment is considered timely only in extraordinary and unusual circumstances," and that such motions, though not *per se* untimely, are disfavored. *Id.* (citations omitted). *Weaver* cited *In re One Cessna 206 Aircraft*, 118 Ariz. 399, 577 P.2d 250 (1978), which acknowledged that in some situations post-judgment intervention could be proper, citing *John F. Long Homes, Inc. v. Holohan*, 97 Ariz. 31, 34, 396 P.2d 394, 396 (1964) (intervention to prosecute appeal); *Schuster v. Schuster*, 75 Ariz. 20, 22, 251 P.2d 631, 632 (1952) (intervention by contingent trust beneficiary in suit to dissolve trust); and *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir.1953) (intervention to preserve a right that could not otherwise be protected). Nonetheless, *One Cessna* held that post-

judgment motions are "looked upon with a jaundiced eye" and intervention should be permitted "only in very special circumstances." 118 Ariz. at 401, 577 P.2d at 252. Thus, such "motions ... will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." *Id.* at 402, 577 P.2d at 253. *See also State Farm Mut. Auto. Ins. Co. v. Paynter*, 118 Ariz. 470, 471, 577 P.2d 1089, 1090 (App.1978) (timeliness is required under either Rule 24(a) or (b) and is left to trial court's discretion, considering the stage of proceedings and whether the intervenor could have sought intervention earlier).

¶ 9 Zenith also cited *State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 383, ¶¶ 1–2, 998 P.2d 1055, 1056 (2000), which upheld the denial of a motion to intervene filed by Arizona counties seeking part of the funds the State had obtained in settling a tobacco-related suit. The counties moved to intervene more than two years after suit had been filed and fifteen days after entry of a consent decree and final judgment. *Id.* at ¶ 2, 998 P.2d 1055. Our supreme court found that intervention "would cause delay, if not the unraveling of an historic settlement" and was "especially likely to prejudice the parties." *Id.* at 384, ¶ 5, 998 P.2d at 1057. The court did not mention a particular section of Rule 24, but it appears that the counties had cited Rule 24(a) as authority.

¶ 10 Here, and without explicitly addressing the factors listed in Rule 24, the court found that because of noncompliance with Rule 26(c),[3] it would grant Public Citizen's

---

3. Rule 26(c)(2) governs protective orders that may restrict disclosure by a party or person of information produced in the discovery process to a nonparty. It provides:

(1) Subject to paragraph (2) of this rule, upon motion by a party or by the person from whom discovery is sought, and *for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including* one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions ...; (3) that the discovery may be had only by a method of discovery

other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated ...; (6) that a deposition after being sealed be opened only by order of the court; (7) *that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;* (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court. If the motion for a protective order is denied in whole or in part, the court may, on such terms and condi-

motion to intervene. It then directed Zenith and Public Citizen to meet and confer to see if they could settle their dispute.[4] Although the court set a continued hearing on the requested relief for December 15, 2008, Zenith filed both this special action petition and a notice of appeal on December 5. We emphasize that at this stage of the proceedings, the sole issue is the superior court's grant of Public Citizen's request to intervene because that court has not ordered disclosure of any documents purportedly within the scope of the prior protective order. We also do not imply any particular resolution of Public Citizen's request to modify the protective order, and our ruling is without prejudice to Zenith's right to seek additional relief at an appropriate time. We note, however, that one factor identified in Rule 26(c) that a court may consider in determining whether to issue a protective order, and presumably when determining whether to modify that order, is "possible risk to the public health, safety or financial welfare to which such information or materials may relate or reveal."

## Zenith's Petition for Special Action

¶ 11 Zenith urges us to accept special action jurisdiction and to reverse the order granting intervention to Public Citizen because if it is forced to release information to Public Citizen, any appellate remedy will be inadequate. We agree that acceptance of special action jurisdiction here is appropriate because Zenith has "no equally plain, speedy, and adequate remedy by way of appeal." *Sun Health Corp. v. Myers*, 205 Ariz. 315, 317, 318–19 ¶¶ 2, 10–12 70 P.3d 444, 446, 447–48 (App.2003) (challenging disclosure of privileged information and investigative material); *see also Montgomery Elevator Co. v. Superior Court*, 135 Ariz. 432, 433, 661 P.2d 1133, 1134 (1983) (challenging protective order limiting attorneys present for deposition); *State v. Superior Court (Magid)*, 120 Ariz. 501, 502, 586 P.2d 1313, 1314 (App.1978) (challenging protective order precluding State from deposing claims adjuster; no adequate remedy by appeal existed). Also, the issue we address presents a pure issue of law that is of statewide importance. *Nordstrom v. Cruikshank*, 213 Ariz. 434, 438, ¶ 9, 142 P.3d 1247, 1251 (App.2006). Accordingly, we accept jurisdiction of Zenith's petition.

¶ 12 We now turn to the merits. Zenith asserts that by allowing intervention, the superior court abused its discretion. Zenith also argues that the practical effect of the

---

tions as are just, order that any party or person provide or permit discovery. . . .

(2) Before entering an order in any way restricting a party or person from disclosing information or materials produced in discovery to a person who is not a party to the litigation in which the information or materials are being discovered or denying an intervener's request for access to such discovery materials, a court shall direct: (a) the party seeking confidentiality to show why a confidentiality order should be entered or continued; and (b) the party or intervener opposing confidentiality to show why a confidentiality order should be denied in whole or part, modified or vacated. The burden of showing good cause for an order shall remain with the party seeking confidentiality. The court shall then make findings of fact concerning any relevant factors, including but not limited to: (i) any party's need to maintain the confidentiality of such information or materials; (ii) any nonparty's or intervener's need to obtain access to such information or materials; and (iii) any possible risk to the public health, safety or financial welfare to which such information or materials may relate or reveal. Any order restricting release of such information or materials to nonparties or interveners shall use the least restrictive means to maintain any needed confidentiality. No such findings of fact are needed where the parties have stipulated to such an order or where a motion to intervene and to obtain access to materials subject to a confidentiality order are not opposed.

A comment to Rule 26(c) clarifies that after its 2002 amendment, the Rule "does not limit the discretion of trial judges to issue confidentiality orders in the appropriate case." Moreover, the comment suggests that Arizona's courts "should look to federal case law to determine what factors, including the three listed in the rule, should be weighed in deciding whether to grant or modify a confidentiality order where parties contest the need for such an order" and "to determine whether to permit nonparties to intervene and obtain access to information protected by such orders."

4. When Public Citizen moved to intervene, the discovery materials were in Cassidy's possession. However, by the date of the hearing on Public Citizen's motion, they had been returned to Zenith's attorneys, and the court ordered that they remain segregated. The fact of Zenith's attorney's possession under these circumstances is of no significance to our decision.

intervention will require Zenith to devote resources to a case that it paid a substantial sum to settle and will harm it by the loss of continued confidentiality of its documents, a benefit for which it negotiated in its settlement with Cassidy. Zenith further contends that in granting the motion to intervene, the court essentially modified the protective order and ordered Zenith to negotiate with Public Citizen over the protected documents. As noted, however, the superior court has not yet ordered any disclosure, and thus we confine our analysis to the propriety of intervention.

## Merits of Intervention

¶ 13 Zenith first argues that the motion to intervene was untimely and that intervention would be highly prejudicial to its interests. The parties have not cited any Arizona cases discussing post-judgment intervention for the specific purpose of gaining access to discovery materials that are subject to a continuing protective order. *Cf. Brown & Williamson Tobacco*, 196 Ariz. at 383, ¶ 2, 998 P.2d at 1056; (intervenors wished to assert rights to share of settlement proceeds); *Paynter*, 118 Ariz. at 471, 577 P.2d at 1090 (insurer's motion to intervene in underlying tort action to challenge judgment one year later); *One Cessna*, 118 Ariz. at 400, 577 P.2d at 251 (airplane owner sought intervention to set aside judgment forfeiting aircraft). The latter case clarified, however, "that post-judgment motions to intervene are not per se untimely." *Id.* at 401, 577 P.2d at 252.

¶ 14 Despite the paucity of Arizona case law on use of our Rule of Civil Procedure ("Federal Rule") 24(b) to challenge a protective order in a settled case, a number of federal circuit courts have concluded that Federal Rule 24(b) [5] is the proper vehicle for nonparties to seek permissive intervention for purposes of challenging protective or confidentiality orders issued in an underlying lawsuit. *See, e.g., E.E.O.C. v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C.Cir. 1998); *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 895 (7th Cir. 1994); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir.1994); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473–74 (9th Cir.1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir.1990); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783–87 (1st Cir.1988); *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 161–64 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir.1979); *In re Beef Indus. Antitrust Litigation*, 589 F.2d 786, 788–89 (5th Cir.1979). In some, but not all of these cases, the intervenors were engaged in collateral litigation.

¶ 15 When ruling on a motion for permissive intervention, however, Arizona Rule 24(b) and its federal counterpart require that the court decide as an initial matter whether the motion is timely. Our courts have reviewed findings on this question for an abuse of discretion. *Weaver*, 162 Ariz. at 448, 784 P.2d at 274. Also, we generally have required post-judgment attempts to intervene to include "a strong showing of entitlement and of justification for failure to request intervention sooner," *One Cessna*, 118 Ariz. at 402, 577 P.2d at 253, and we have observed that "[e]ach case must be decided on its own facts." *Paynter*, 118 Ariz. at 472, 577 P.2d at 1091.

¶ 16 In interpreting the federal counterpart to our Rule 24(b), federal courts similarly have acknowledged the importance of timeliness of a request to intervene for ancillary purposes. *See, e.g., Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir.1992) (timeliness is of critical importance). But they have recognized that timeliness depends on the particular circumstances. *United Nuclear*, 905 F.2d at 1427.

---

**5.** Federal Rule of Civil Procedure Rule 24(b) states:

(1) In General. On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

. . .

(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

¶ 17 For example, in *Liggett*, 858 F.2d at 776–77, the plaintiffs sued a cigarette manufacturer, and the district court entered a protective order governing discovery-related documents. Ten weeks after entry of judgment, a group of public health organizations asked the court to modify the protective order so that nonconfidential documents could be freely disseminated. *Id.* at 778.

¶ 18 In assessing the timeliness requirement of Federal Rule 24(b), the First Circuit Court of Appeals identified four relevant factors. *Id.* at 785–86. First, it considered how long the intervenor knew or should have known that the parties no longer adequately protected its interest, and in that case found that the delay, when measured from acquisition of such knowledge to the filing of the motion, was not material. *Id.* It next considered prejudice to the existing parties from the intervenor's delay, as well as whether intervention would impact the settlement and the intervenor's reasons for seeking to participate. *Id.* at 786. The court found that little prejudice to the existing parties would result because no relitigation of the underlying dispute was needed, noting that "the potential burden or inequity to the parties should affect not the right to intervene, but rather, the court's evaluation of the merits of the applicant's motion ...—that is, the court's judgment as to whether ... the balance of equities favoring sealing overrides any presumptive right of access." *Id.* at 787.

¶ 19 The circuit court also considered prejudice to the intervenor if no intervention were permitted, and in that case found that no party to the litigation represented the public interest in the discovery materials. *Id.* Finally, the court considered as an extraordinary circumstance militating in favor of intervention the fact that the documents concerned tobacco use and public health. *Id.* Thus, the court concluded that the intervenor had standing to pursue a claim for post-judgment access to the documents. *Id.*

 ¶ 20 In similar fashion, we conclude that implicit in the superior court's grant of Public Citizen's motion to intervene was a finding that Public Citizen had acted timely by filing its motion on June 11 following the May 1 dismissal of Cassidy's complaint. Public Citizen moved for intervention after it learned of the Cassidy settlement, and contrary to Zenith's assertion, it is well established in Arizona that the mere fact that Public Citizen's motion was filed post-judgment is not determinative. *One Cessna*, 118 Ariz. at 401, 577 P.2d at 252.

¶ 21 Furthermore, as in *Liggett*, Public Citizen sought to intervene for a limited purpose and not to disrupt or interfere with the settlement agreement. Thus, prejudice to Zenith and Cassidy was unlikely, and the superior court presumably found none. Additionally, because neither Zenith nor Cassidy represented the public's interest in gaining access to the discovery materials, and Public Citizen sought to assert such an interest in order to understand the risks to the public health and welfare[6] associated with possibly defective Zenith televisions, such public interest militated in favor of intervention.

¶ 22 The second requirement of Arizona Rule 24(b) is that Public Citizen's "claim or defense and the main action have a question of law or fact in common." We find no Arizona cases on point. Some federal courts have readily found commonality when a potential intervenor is involved in collateral litigation. *See, e.g., E.E.O.C.*, 146 F.3d at 1047 (by virtue of intervenor's collateral litigation, common questions existed); *Beckman*, 966 F.2d at 474 (interpretation of insurance policy met the commonality requirement; cases need not concern same clause or legal theory when intervenors seek to modify protective order); *United Nuclear*, 905 F.2d at 1427 (interpretation of insurance polices was common issue between that case and others pending); *Meyer Goldberg*, 823 F.2d at 164 (intervenor's intent "to pursue a related claim ... of alleged anticompetitive conduct" in which strong public interest existed and to seek relevant discovery material was sufficient).

---

6. Zenith has not challenged Public Citizen's status as a public interest organization active in the relevant area of concern. Such organizations have been allowed to intervene in other cases, most notably in *Liggett*, 858 F.2d 775.

¶ 23 Other courts have adopted a more expansive view of commonality. In *Jessup v. Luther*, 227 F.3d 993, 994 (7th Cir.2000), a newspaper sought to intervene in an employment lawsuit to gain access to a sealed settlement agreement. The circuit court found the newspaper's right of access to court proceedings was "directly and substantially related to the litigation," and thus the district court's protective order implicated "the public's interest in open access ... and that interest serve[d] as the necessary legal predicate for intervention." *Id.* at 998. Accordingly, the parties' interest in nondisclosure and the newspaper's interest in challenging that nondisclosure presented a common question of law. *Id.* at 998–99.

¶ 24 Similarly, in *Pansy*, after a police chief settled his civil rights suit against the Borough of Stroudsburg, a newspaper filed a motion to intervene in order to obtain the settlement agreement. 23 F.3d at 776. The Third Circuit Court of Appeals concluded that the newspaper's challenge to the validity of the confidentiality order governing the settlement was sufficient to meet the commonality requirement of Federal Rule 24(b). *Id.* at 778. *Cf. San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100–01 (9th Cir.1999) (acknowledging commonality as a factor but deciding only that motion to intervene was timely); *In re Baycol Prods.*, 214 F.R.D. 542, 543–44 (D.Minn.2003) (granting newspaper *prejudgment* intervention in consumers' action against drug manufacturer to challenge confidentiality order; motion was timely, no strong nexus of fact or law was required, and no undue delay or prejudice would result when plaintiffs also had objected to order).

¶ 25 In the circumstances of Public Citizen's motion to intervene, a common question of law involves the propriety of the protective order and the extent to which it may be modified at this stage of the proceedings. Therefore, not only is Public Citizen's motion timely, but it presents a common question of law or fact concerning the propriety of the protective order and satisfies both requirements of Arizona Rule 24(b).

## CONCLUSION

¶ 26 In conclusion, we find no abuse of the superior court's discretion in granting Public Citizen's motion to intervene under Arizona Rule 24(b). However, as previously noted, Public Citizen has not been granted access to any documents covered by the protective order, and our ruling is without prejudice to Zenith's pursuit of any additional remedies once the superior court rules on the merits. We therefore accept special action jurisdiction but deny relief.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge and PATRICIA K. NORRIS, Judge.