436 P.2d 902

John C. TREADAWAY and Anne P. Treadaway, his wife, Appellants,

v.

Cecil MEADOR and Lela Mae Meador, his wife, and H. B. Frazer and Jane Doe Frazer, his wife et al., Appellees.

No. 8253.

Supreme Court of Arizona, In Division.

Feb. 7, 1968.

C. Kimball Rose, Phoenix, for appellants.

Filler & Paytas, Phoenix, for appellees Meador.

**84**

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellees Frazer.

Hughes & Hughes, John C. Hughes, Phoenix, for appellees Tang Enterprises, Inc., Tang and Yee.

STRUCKMEYER, Justice.

This action was commenced by John C. Treadaway and Anne P. Treadaway, his wife, to rescind a contract of sale of real property and for damages for misrepresentation. The appeal is from an order of dismissal and a judgment based thereon in favor of the appellees Meador.

Such facts as are necessary for the proper consideration of the appeal are these. The Treadaways, as plaintiffs in the court below, failed to answer certain written interrogatories submitted to them by defendants. The court ordered that the Treadaways answer the interrogatories or their complaint would be dismissed pursuant to the provisions of the Rules of Civil Procedure, 16 A.R.S., Rule 37(b) 2(iii). The Treadaways, who had been without the services of an attorney, then retained one F. Patrick Lanahan as their counsel. He informed them that he would file answers to the interrogatories on their behalf but, in fact, did not. Consequently, the Treadaways' complaint was dismissed with prejudice. Thereafter, the Treadaways made numerous attempts to have a motion to dismiss set aside, all of which failed and ultimately an appealable judgment was signed and filed on the 12th of November, 1963, in favor of the Meadors and against the Treadaways. F. Patrick Lanahan was subsequently disbarred by order of this Court. See In re Lanahan, 95 Ariz. 268, 389 P.2d 263. The grounds for disbarment were, in part, his misconduct as attorney for the Treadaways in this cause. In the disbarment proceedings before this Court, Lanahan filed an affidavit in which he asserted that he was a chronic alcoholic.

■ The Meadors urge that the appellants are not entitled to relief where the judgment was obtained against them in consequence of the neglect and carelessness of their attorney, contending that the fault of the parties' attorney is attributed to them. This is true under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., where a default judgment has been taken. Under that rule, the neglect of an attorney is attributed to the client and only when the attorney's omission or failure to act is legally excusable may relief be obtained. Coconino Pulp & Paper Co. v. Marvin, 83 Ariz. 117, 317 P. 2d 550.

We do not think, however, that Rule 37 (b) 2(iii), supra, where it is used as a sanction for failure to answer interrogatories, should, in the interest of justice, be so rigidly enforced. Litigation ought not be treated as a game but should be disposed of, where possible, upon its merits. We think the statements by the Court in Seward v. Churn Ranch Co., 136 Neb. 804, 287 N.W. 610, appropriate to the decision in this case.

"The Sewards did not know judgment had been pronounced against them until the sheriff came to their ranch to dispossess them in April, 1936. They again importuned their attorney to protect their rights and property and he assured them he would rectify the mistake resulting in the judgment. They did not know he was a drunkard until they found him in a stupor at Gordon in July, 1937. * * * ■t would be casting too great a burden on the Sewards to charge them with the negligence, deceit and fraud of their attorney, because they failed to exercise such high degrees of discernment and sagacity as would enable them to determine in advance that he could not be trusted with legal business, though licensed to practice law and permitted by bench and bar to remain in good standing." 287 N.W. at 612, 613.

■ We think the court below clearly abused its discretion in failing to set aside the judgment of dismissal entered against the Treadaways upon determining the true state of facts; namely, that they had engaged an attorney and had fully attempted to comply with the court's directions to an-

:swer the interrogatories. For this reason, the judgment of the court below entered on the 12th day of November, 1963, and that certain order of April 17, 1961, ordering dismissal of the Treadaways' complaint, are set aside.

█ Certain parties, namely, Harry B. Frazer and Blanche A. Frazer, his wife, co-defendants with the Meadors, and the Tang Enterprises, Inc., an Arizona corporation, Ying Tang and his wife, and Wilbert Yee and Mary Yee, his wife, third-party defendants, have filed briefs in this Court. They were not named in the judgment of November 12, 1963, from which the appeal was perfected. We have scrutinized the record and no appealable order or judgment appears to have been made in their favor, hence we do not consider them as proper parties to the present appeal and no relief in favor of the Treadaways will be entertained in this Court against them.

Judgment reversed.

BERNSTEIN and LOCKWOOD, JJ., concur.