662 P.2d 1052

BIRDS INTERNATIONAL
CORPORATION,
Plaintiff/Appellant,

v.

ARIZONA MAINTENANCE CO., INC.,
and Elliott Feldman and Jane Doe Feld-
man, his wife, Defendants/Appellees.

No. 2 CA–CIV 4472.

Court of Appeals of Arizona,
Division 2.

Jan. 31, 1983.

Rehearing Denied March 8, 1983.

Review Denied May 3, 1983.

Killian, Legg, Nicholas & Fischer by
Charles W. Wirken, Mesa, for plaintiff/ap-
pellant.

Kimble, Gothreau, Ryan, Nelson & Can-
non, P.C. by William Kimble, Tucson, for
defendants/appellees.

OPINION

BIRDSALL, Judge.

The plaintiff/appellant, Birds Interna-
tional Corporation, appeals from the trial
court's orders dismissing the plaintiff's com-
plaint, entering judgment in favor of the
defendants/appellees, Arizona Maintenance
Co., Inc. et al. and denying the plaintiff's
motion to set aside the dismissal or the
underlying default. For the reasons set
forth below, we reverse and remand.

The appellant, a breeder of exotic birds,
brought an action for damages for loss of
profits and loss of breeding stock resulting
from the delivery of allegedly contaminated
water to the appellant's aviary by the ap-
pellees. On August 31, 1981, counsel for
the appellees filed a request for production
under Rule 34, Rules of Civil Procedure, 16
A.R.S. It requested the appellant to make
various tax returns available for inspection
within thirty days. A copy of the request

was mailed to the appellant's trial counsel, Neal T. Roberts, at his stated address in Phoenix. Roberts and Richard A. Wilson were shown as co-counsel for the appellant in the trial court. Having received no response by the deadline, the appellees filed a motion on October 19, 1981, for an order compelling discovery. In the motion the appellees further moved that the order provide that if the returns were not furnished within a reasonable time the "action will be dismissed upon defendants filing with the Court an Affidavit to the effect that such Order was not complied with, without further notice or hearing thereon." A copy of the motion was mailed to the same address. The motion was set for hearing on November 30, 1981. The appellant failed to respond and failed to appear at the hearing. The trial court granted the unopposed motion, its minute entry including the following language:

> "It is further ordered that the Income Tax Returns for the years 1975 through 1980 shall be furnished within thirty (30) days from this date, and upon the filing of an affidavit that such has not been done, the Court will dismiss the complaint."

A copy of the minute entry was mailed to the same address. On January 7, 1982, the appellees filed an affidavit of non-compliance, and the trial court dismissed the complaint.

On January 20, 1982, the appellant, by his same counsel, filed a "Motion to Set Aside Dismissal of Action and to Reinstate Same, or in the Alternative, Setting Aside Default." The appellees filed an opposition on January 29, and by stipulation the matter was submitted without argument. The trial court denied the motion on February 12.

The appellant argues on appeal that the trial court abused its discretion by dismissing the complaint without a hearing to determine whether the non-compliance, with the discovery order was due to willfulness or bad faith and to determine the most appropriate sanction under Rule 37(b),

Rules of Civil Procedure, 16 A.R.S. The appellant also argues that the negligence, misconduct, or fault of the former counsel should not be attributed to the appellant for purposes of imposing sanctions of dismissal or entry of default for the violation of a discovery rule or order.

We agree with the appellant on both issues.

■ The determination to impose the sanction of dismissal under Rule 37 must take into account the competing policies of enforcing discovery procedures to ensure a "just, speedy, and inexpensive determination of every action," Rule 1, Rules of Civil Procedure, 16 A.R.S., and reaching a decision on the merits of a case. The two primary United States Supreme Court decisions on the Rule 37 sanction of dismissal are *Societe Internationale, Etc. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) and *National Hockey League v. Metro Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In *Societe Internationale,* the court emphasized the "reach the merits" doctrine by holding that a Rule 37 dismissal is not authorized where "the failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." In that case, the noncomplying party, a Swiss holding company, could only have complied by violating Swiss law. The court held that the company's "failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control." *Societe Internationale, supra,* 357 U.S. at 211, 78 S.Ct. at 1095, 2 L.Ed.2d at 1266–67.

On the other hand, in *National Hockey League,* the court stressed the need to enforce discovery requirements by dismissal as a deterrent to future abuses by attorneys and parties. In that case, a 17-month course of evasive conduct in response to a discovery request led to a dismissal order.

In balancing the competing policies, lower courts have attempted to determine what

constitutes "willfulness, bad faith or fault." *Societe Internationale, supra.* Gross negligence as opposed to willfulness or bad faith has been deemed sufficient to warrant dismissal. *See Cine Forty-Second St. Theatre v. Allied Artists,* 602 F.2d 1062 (2nd Cir. 1979).

Arizona courts have expressed a preference for less drastic sanctions than dismissal. *See A.G. Rancho Equipment v. Massey-Ferguson, Inc.,* 123 Ariz. 122, 598 P.2d 100 (1979); *Zakroff v. May,* 8 Ariz.App. 101, 443 P.2d 916 (1968). That preference extends to a hearing prior to dismissal to determine whether the non-compliance was due to willfulness or bad faith. *A.G. Rancho Equipment, supra; Zakroff, supra.* In *Zakroff, supra,* this court suggested that, prior to dismissal, "the trial court should determine whether the failure to answer interrogatories was willful . . . and whether the circumstances are so aggravated as to justify the drastic action." 8 Ariz.App. at 104, 443 P.2d at 919.

In *A.G. Rancho Equipment, supra,* the Arizona Supreme Court cited with approval the following language from *Edgar v. Slaughter,* 548 F.2d 770 (8th Cir.1977):

"Prior to dismissal or entering a default judgment, fundamental fairness should require a district court to enter an order to show cause and hold a hearing, if deemed necessary, to determine whether assessment of costs and attorney fees or even an attorney's citation for contempt would be a more just and effective sanction." 123 Ariz. at 124, 598 P.2d at 102.

The court deemed a hearing necessary and remanded the case for a hearing to determine whether the failure to answer interrogatories was due to willfulness or bad faith. Although the *A.G. Rancho Equipment* case involved a motion to render a judgment by default under Rule 37(d) rather than a motion to compel discovery under Rule 37(a)(2), we find the logic equally applicable to both situations.

The appellees argue that, assuming arguendo, a hearing to determine the reason for the failure to comply was necessary, the opportunity for such a hearing was provided in connection with the appellant's motion to set aside, etc. Or, that, since affidavits were attached to that motion and to the appellees' opposition and the matter submitted without argument, not only was any further hearing waived, but the trial court's consideration of those affidavits constituted such a hearing.

We agree that if our only concern in this appeal was whether appellant's former counsel had sufficient opportunity to show why they, the attorneys, had not complied with the discovery order, we should let the dismissal stand. But that is not our only concern.

The trial court needs to determine what, if anything, the corporate plaintiff knew about the discovery order, and, if it knew, what it did as opposed to what its counsel did. There were two affidavits attached to the appellant's motion to set aside, one from attorney Roberts and one from attorney Wilson. In substance they say that neither of them received any of the papers relating to the discovery request until January 1982 when they received a copy of the non-compliance affidavit and notice of the entry of default and dismissal.

The opposition to the motion was verified by the defendants' counsel and showed the proper mailing of all the documents. Thus the trial court had to decide where the truth lay. Apparently the defendants' affidavit and argument was more credible since the court denied the motion. From this we conclude the trial judge believed all the documents were received by the appellant's counsel. Assuming this conclusion is correct, nothing in the record suggests whether the corporate plaintiff was ever advised of the request or order. Unless the appellant, as opposed to the attorneys, was guilty of willful misconduct or bad faith resulting in the failure to make discovery, the dismissal must be set aside.

■ The failure to comply with a discovery order may obviously be the result of

willful misconduct, bad faith or fault of either the party or counsel, or both. Where the party is not guilty he should not suffer default or dismissal as a result of counsel's conduct. *Treadaway v. Meador,* 103 Ariz. 83, 436 P.2d 902 (1968). *See also Grant v. APS,* 133 Ariz. 434, 652 P.2d 507 (1982).

We reverse and remand the case to the trial court with directions to conduct a hearing to determine what sanctions to impose. In accordance with this opinion if the trial court finds that the corporate plaintiff had knowledge of the discovery order and willfully or with bad faith failed to comply, the court may, if it still deems such sanction appropriate, reinstate the dismissal order.

Reversed and remanded with directions.

HOWARD, C.J., and HATHAWAY, J., concur.