772 P.2d 1155

Thomas A. LENZE, Plaintiff–Appellee,

v.

SYNTHES, LTD., a.k.a. Synthes A.G., Chur, a Swiss corporation d.b.a. Synthes, Ltd., U.S.A., Defendant–Appellant.

No. 1 CA–CV 88–043.

Court of Appeals of Arizona, Division 1, Department B.

April 6, 1989.

Edward Louis Barry, and Edward P. McNeff, Phoenix, for plaintiff-appellee.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis, Phoenix, for defendant-appellant.

## OPINION

CONTRERAS, Presiding Judge.

In this appeal, we consider the question of whether the trial court, in denying a motion to set aside a default judgment entered as a sanction for failure to comply with a discovery order, abused its discretion by failing to conduct an evidentiary hearing to determine whether appellant, as opposed to its trial counsel, was responsible for misconduct in the discovery process. We conclude that the trial court should have conducted an evidentiary hearing to determine the extent, if any, of appellant's involvement in the failure to comply with the discovery order. We therefore remand the matter and direct the trial court to conduct an evidentiary hearing.

## PROCEDURAL HISTORY

Thomas A. Lenze (Lenze) filed a complaint against Synthes, Ltd., aka Synthes Chur, dba Synthes, Ltd., U.S.A. (Synthes), seeking damages for personal injuries caused by an allegedly defective orthopedic device manufactured by Synthes. Synthes filed an answer to the complaint, and appeared for an initial corporate deposition through its executive vice-president, James Gerry (Gerry). During his deposition, Gerry testified that Synthes was one of a group of internationally affiliated corporations under the common ownership and control of a Swiss foundation known as the Association for the Study of Internal Fixation (ASIF). Gerry also stated that when a surgeon reports a mishap involving one of its products to Synthes, Synthes is able to obtain and provide the surgeon with: (1) a metallurgical analysis of the failed product conducted by an affiliated entity known as Institute Straumann, and (2) an analysis and critique of the surgical technique provided by an ASIF orthopedic surgeon. Lenze filed a second notice of deposition dated March 23, 1987, seeking to depose the corporate defendant with respect to "defendant's position, precisely and in full detail, on whether the intramedullary rod in question failed due to metallurgical defect, and the factual, medical and scientific basis therefor." The failure of Synthes to timely comply with this discovery request is the subject matter of this appeal. Lenze's notice set the deposition for March 31, 1987. At the request of defense counsel Gregory Lantz (Lantz), Lenze's counsel, Edward Barry (Barry), orally agreed to reschedule the deposition for April 24, 1987. The oral agreement was confirmed by way of an amended notice of deposition dated April 15, 1987. On April 24, 1987, Barry telephoned Lantz approximately two hours prior to the scheduled deposition to confirm the deposition and was informed by Lantz that his client would not be appearing. No reason was given. During the telephone conversation, Barry agreed not to seek sanctions for the defendant's failure to appear and the deposition was rescheduled for April 30, 1987. Lantz suggested a telephonic deposition but Barry declined, citing the need to address certain documents during the proceeding.

On April 29, 1987, Barry telephoned Lantz to confirm the time set for the deposition. His calls were not returned. On the morning of April 30th, Barry again telephoned Lantz and was advised by Lantz that no one would be appearing on Synthes' behalf. During this telephone conversation

Barry expressed anger and frustration concerning the non-appearances, but nevertheless offered a final opportunity for the defendant to voluntarily appear at the deposition. Accordingly, the deposition was reset for May 6, 1987. On May 6, Lantz telephoned Barry's office and advised the receptionist that the deposition would not proceed because the prospective deponent was "out of town at a convention."

Barry filed a motion for discovery sanctions on May 11, 1987, requesting an order striking Synthes' answer, or, in the alternative, a conditional order that the answer be stricken in the event Synthes failed to make itself available for a deposition by a time and date set by the court. The motion was heard on an accelerated basis by the Honorable Marilyn Riddel, sitting for the vacationing trial judge, the Honorable Cheryl Hendrix. During telephonic oral argument the following day, counsel stipulated to the following court order:

Counsel agree the defendant shall have until noon on Tuesday, May 19, 1987 to produce the proper person from defendant corporation for deposition here in Phoenix, Arizona. The time and place will be arranged between counsel. Should said person not be produced by the deadline, upon affidavit of failure, the pleadings of defendants will be stricken and a default entered.

Although Barry advised Lantz that he would make himself available for the deposition every day during the week prior to the deadline specified in the order, Lantz did not contact Barry to propose deposition arrangements until late in the afternoon of May 18th. At this time, Lantz offered to supply a deponent on the day after the deadline. Barry refused any further extensions, and filed an affidavit of counsel regarding the failure to appear for a deposition.

On May 19, the date of the deadline, Lantz filed a motion for relief from discovery order in which he sought a one-day extension of the deadline. The motion cited two purported excuses for the failure to comply with the order: (1) the defendant was a Pennsylvania corporation, and

"transportation to this venue is not especially easy"; and (2) identifying a witness with the appropriate technical expertise to testify and make travel arrangements for his appearance in Phoenix prior to the deadline was "slightly beyond the possible."

Although finding that a one-day delay would not prejudice Lenze, Judge Hendrix denied Synthes' motion, stating:

The Motion fails to contain specific facts to demonstrate why the Order of May 12, 1987 has not been complied with. The court has been advised the person to be deposed is Donald Cox who resides in Riverside, California. Therefore, transportation not being especially easy is not good cause for the failure to comply. Difficulty in identifying an appropriate witness is not good cause because both parties have listed Mr. Cox as a witness and Defendant has had since March 31st to identify the appropriate person....

Since Judge Riddel entered an explicit and unambiguous Order on May 12, 1987, this Court is bound to follow it.

Judge Hendrix struck Synthes' answer pursuant to Rule 37(b)(2)(C), Arizona Rules of Civil Procedure, thereby permitting Lenze to enter a default and proceed as if by default. The court's minute entry of May 19, 1987 stated that "Defendant still has a right to appear and be heard on the issue of damages."

The default was subsequently entered, and following a bench trial on the issue of damages, the court entered formal written judgment for Lenze on September 22, 1987 in the amount of $87,412 plus costs. Synthes thereafter obtained new counsel who moved to set aside the default and default judgment and to grant a new trial. The trial court denied Synthes' motions on November 19, 1987. This appeal followed.

On appeal, Synthes makes two arguments. First, Synthes contends that the trial court abused its discretion in failing to set aside the default and default judgment and in failing to grant a new trial inasmuch as Synthes could have complied with the discovery order if it had been given a one-day extension. Second, Synthes contends

that the trial court abused its discretion in refusing to grant Synthes a *Birds International*[1] type hearing in order to determine Synthes' complicity in the events leading to the entry of default. We decide this appeal on the basis of the second contention. Therefore, we have not considered the first contention and express no opinion on the argument contained therein.

## STANDARD OF REVIEW

The applicable standard of review of a trial court order striking pleadings for discovery misconduct is whether, on the state of the record, a clear abuse of discretion has been demonstrated. Rule 60(c), Arizona Rules of Civil Procedure; *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984); *Old Pueblo Plastic Surgery, P.C. v. Fields*, 146 Ariz. 178, 179, 704 P.2d 819, 820 (App.1985).

■ The trial court's discretion in entering a default for failure to comply with an order compelling discovery is more limited than when it employs lesser sanctions. *Poleo v. Grandview Equities, Ltd.*, 143 Ariz. 130, 133, 692 P.2d 309, 312 (App.1984). The trial court's power to employ the ultimate sanctions of dismissal or entry of default judgment is circumscribed by due process considerations. *J-R Constr. Co. v. Paddock Pool Constr. Co.*, 128 Ariz. 343, 344–45, 625 P.2d 932, 933–34 (App.1981); *Golleher v. Horton*, 119 Ariz. 604, 606, 583 P.2d 260, 262 (App.1978). However, although circumscribed by due process considerations, the trial court's discretionary exercise of power within those limits is entitled to deference on appeal. *Gulf Homes, Inc. v. Beron*, 141 Ariz. 624, 628, 688 P.2d 632, 636 (1984).

## RIGHT TO A HEARING TO DETERMINE SYNTHES' COMPLICITY IN EVENTS LEADING TO THE ENTRY OF DEFAULT

■ Normally, where a default judgment has been taken, the neglect of an attorney is attributed to the client, and only when the attorney's omission or failure to act is legally excusable may relief be obtained. *Treadaway v. Meador*, 103 Ariz. 83, 84, 436 P.2d 902, 903 (1968); *Liberty Mutual Ins. Co. v. Rapton*, 140 Ariz. 60, 64, 680 P.2d 196, 200 (App.1984).

In *Treadaway*, however, the Arizona Supreme Court distinguished default judgments entered under Rule 37(b)(2) as a result of counsel's willful or bad faith discovery practices from default judgments entered for other reasons. *Treadaway*, 103 Ariz. at 84, 436 P.2d at 903. The trial court had been presented with evidence that the defendants had retained an attorney to file answers to various interrogatories and that the attorney had failed to do so. The supreme court held that the trial court had abused its discretion in failing to set aside a judgment of dismissal where it had also determined that Treadaway's attorney was *solely* at fault for the violation of the discovery order. *Id.* The court concluded that where the party is not guilty of misconduct in the discovery process, he should not suffer default as the result of his counsel's guilty conduct. *Id.*

■ Where there is a question as to whether the party is guilty or innocent of misconduct, a hearing is required to settle the question. *Robinson v. Higuera*, 157 Ariz. 622, 760 P.2d 622 (App.1988); *Birds Int'l Corp. v. Arizona Maintenance Co., supra* n. 1. In *Robinson*, a default judgment was entered because of the defendant's failure to comply with various scheduled depositions. 157 Ariz. at 624, 760 P.2d at 624. The trial court was given affidavits from defendant's attorney stating that his client was unaware of the scheduled depositions. *Id.* This court held that where there was little in the record to dispute counsel's assumption of blame for the discovery violations, the trial court abused its discretion by failing to conduct a hearing prior to entry of default. *Id.* at 625, 760 P.2d at 625. We remanded the action to the trial court for the purpose of conducting a hearing to determine the client's culpability in the discovery violations.

---

1. *Birds Int'l Corp. v. Arizona Maintenance Co.,* 135 Ariz. 545, 662 P.2d 1052 (App.1983).

In *Birds International*, the trial court dismissed plaintiff's complaint due to his failure to provide various discovery documents requested by defendants. 135 Ariz. at 546, 662 P.2d at 1053. In his motion to set aside the dismissal, the plaintiff, represented by the same counsel, submitted affidavits from counsel indicating that they had not received the discovery request. *Id.* at 547, 622 P.2d at 1054. The trial court apparently disbelieved the affidavits and refused to set aside the dismissal. *Id.* It is not clear whether any facts were raised in front of the trial court attempting to distinguish the plaintiff's failure to comply from his attorneys' failure to comply. On appeal, Division 2 of this court found that a hearing was required on that issue. *Id.* at 548, 622 P.2d at 1055.

■ The record in the instant case is substantially similar to the record before the reviewing court in *Birds International*. As in *Birds*, the record in this case does not reveal whether any facts were raised before the trial court to indicate whether the failure to comply with the discovery order was the fault of appellant's former counsel as opposed to appellant. What is clear from the record is that a request for a *Birds International* type evidentiary hearing was made at the time the motions to set aside the default, default judgment, and new trial were argued, and that a copy of the *Birds International* decision was given to the trial court judge at the time of argument. Considering the request for a *Birds International* type hearing together with the fact that it could not then be determined whether the failure to comply with the discovery order was the fault of appellant's former counsel as opposed to appellant, we conclude that it was incumbent on the trial court judge to schedule and then conduct an evidentiary hearing to determine the culpability of Synthes in the violation of the discovery order. The trial court's failure to hold such a hearing was an abuse of discretion.

In reaching our decision, we note that Synthes' current counsel did not provide the trial court with affidavits setting forth the reason for the violation of the discovery order at the time it made its request for an evidentiary hearing. We do not believe, however, that this failure to provide an exculpatory explanation for the violation waives Synthes' right to an evidentiary hearing. In this case, the default judgment was entered on September 22, 1987. Current counsel was substituted as of record on October 2, 1987, and four days thereafter filed motions to set aside the default judgment and the entry of default as well as a motion for new trial. The hearing on those motions was held on November 9, 1987. This chronology reveals that Synthes' current counsel took timely appropriate steps to set aside the default judgment and seek a new trial after being retained. Although, arguably, appellant might have been able to secure and file affidavits prior to the date of argument on its pending motions, the failure to file such affidavits does not constitute a waiver of its right to an evidentiary hearing.

We conclude that the trial court abused its discretion in denying Synthes' request for a *Birds International* type evidentiary hearing to determine the extent, if any, of Synthes' culpability in the violation of the discovery order. We therefore remand the matter and direct the trial court to conduct an evidentiary hearing. In accordance with this opinion, if the trial court finds that Synthes had knowledge of the discovery order and willfully or in bad faith failed to comply, the judgment previously entered shall stand. If, however, the trial court finds that Synthes was not at fault, the judgment and entry of default shall be set aside and the processing of the case toward trial will continue. In addition, the trial court may select whatever other sanction it deems appropriate under Rule 37(b)(2). *See also* A.R.S. § 12–349(A)(3) (Supp.1988).

This matter is remanded to the trial court with directions.

EUBANK and HAIRE, JJ., concur.