863 P.2d 911

**MONTGOMERY WARD & CO., INC., a foreign corporation; General Tire, Inc., a foreign corporation, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Elizabeth Stover, a judge thereof, Respondent Judge,**

**Gustavo GARCIA and Soccorro Garcia, husband and wife; Juan Martinez, a single person; Jose Montijo, a single person; Frances Garcia, as the surviving spouse of Jose L. Garcia, decedent, Real Parties in Interest.**

No. 1 CA–SA 93–0237.

Court of Appeals of Arizona, Division One, Department C.

Nov. 23, 1993.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P.A. by Ralph E. Hunsaker, Frank M. Fox, Phoenix, for petitioners.

Plattner Verderame, P.C. by Richard S. Plattner, and Law Office of John D. Shaw by John D. Shaw, Phoenix, for real parties in interest Gustavo Garcia, Juan Martinez and Jose Montijo.

Pasquale R. Cheche, P.C. by Pasquale R. Cheche, Phoenix, for real party in interest Frances Garcia.

## OPINION

NOYES, Judge.

Montgomery Ward and General Tire (Defendants) filed this special action after the trial court resolved a discovery dispute by granting Plaintiffs' Motion to Strike Defendants' Answer for violation of Rule 26.1, Arizona Rules of Civil Procedure (Rule). We have jurisdiction pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 12–120.21(A)(4). We accepted jurisdiction because Defendants have no speedy and adequate remedy by appeal and because this is a matter of statewide importance. *See Jones v. Buchanan,* —— Ariz. ——, —— P.2d ——, 146 Ariz.Adv.Rep. 52, 52 (App. Aug. 26, 1993). We granted relief and ordered a stay of trial court proceedings until this opinion issued. Because we conclude that the action of the trial court was an abuse of discretion and was procedurally defective, we reverse and remand with directions that the trial court conduct an appropriate hearing and issue appropriate orders and sanctions in the exercise of its discretion based on the facts of this case and the mandates of Rule 26.1(g) and Rule 16(f).

I.

Plaintiffs' Complaint alleges that a defective tire manufactured by General Tire and sold by Montgomery Ward caused an auto accident that killed Jose Garcia and permanently injured Gustavo Garcia, Juan Martinez, and Jose Montijo. Defendants denied liability. The trial court's grant of Plaintiffs' Motion to Strike Defendants' Answer meant that Defendants were liable as a matter of law.

Although the course of pretrial discovery was complicated, we discuss only the problem that led directly to this special action. Necessary details begin with a minute entry dated July 8, 1993 (the July 8 order), which provided:

> IT IS ORDERED that *on or before July 29, 1993* Defendants produce all information regarding any claims against the defendants for the three years prior to the accident up to the present date, involving any similar model of tire involved in this case or tire bonded by the same process (passenger tires) manufactured by the defendants in which claims were made that the tread separated for any reason.

On July 29, Defendants filed a Response in Compliance with Order Dated July 8, 1993. The lawyers then argued in correspondence about the sufficiency of Defendants' compliance with the July 8 order. The bone of contention was the meaning of "similar model of tire." Plaintiffs argued that it meant every kind of steel-belted radial tire made by General Tire, regardless of size and specification. Defendants argued that it meant only those tires of the same size and specification as the one that allegedly injured Plaintiffs.

On August 16, Defendants filed a Motion for Clarification that asked the court to advise "what disclosure is necessary" regarding the July 8 order. The motion was

accompanied by materials that supported Defendants' argument about the meaning of "similar model of tire." On August 26, Plaintiffs filed a Motion to Strike Defendants' Answer for Violating Rule 26.1. Plaintiffs argued that Defendants had not complied with the July 8 order, and that the non-compliance constituted "a purposeful pattern of deceit and concealment which has persisted over many months." The motion contained details in support of its allegations.

The court ruled on the Motion for Clarification in a minute entry dated September 7, 1993, but not filed until September 13, 1993, which provided:

> IT IS ORDERED supplementing and/or amending the order of July 8, 1993 to require the defendants to produce all information regarding any claims against the defendants for the three years prior to the accident in which the plaintiffs were involved, up to the present time, involving any passenger tire manufactured by the defendant which was bonded by the same process in the manufacture of the tire on the plaintiffs' automobile and about which there was a claim of tread separation.

> The order does not related [sic] or limit the information to any particular width of tire.

On September 17, the court heard argument on the Motion to Strike. At that argument, Defendants' lawyers avowed that they had not received the ruling on the Motion for Clarification until "roughly, the 10th" of September. After the argument, the court granted the Motion to Strike by stating:

> This may be a good case to test [Rule 26.1] and the philosophy behind it. I don't think this is an egregious situation as the case that was cited down in Tucson. [*Jones v. Buchanan*, 146 Ariz.Adv. Rep. 52.] And I would like—I would hope that the Appellate Court can resolve it on a special action, but I'm not sure they will take a special action. I'm going to grant the motion and strike the answer on the defendants.

I don't like to do that. I would prefer to continue the case, additional discovery, but I know the plaintiffs will jump up and down and say they simply can't for various reasons. It's just a philosophical thing that we're all having to live with and adapt to. And it's just something different than we've ever had before. I think that's what they want. They want you to cough it up without being asked for it. I'm going to grant the motion.

## II.

■ In reviewing an order striking pleadings for discovery violations, this Court must uphold the trial court's order unless the record reflects a clear abuse of discretion. *See Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App. 1989). The trial court's discretion in entering a default for failure to comply with discovery orders "is more limited than when it employs lesser sanctions." *Id.*

Rule 26.1, which became effective July 1, 1992, was adopted "to make the judicial system in Arizona more efficient, more expeditious, less expensive, and more accessible to the people." Ariz.R.Civ.P. 26.1, ct. cmt.

> The intent of the amendments [to Rule 26] was to limit the adversarial nature of proceedings to those areas where there is a true and legitimate dispute between the parties, and to preclude hostile, unprofessional, and unnecessarily adversarial conduct on the part of counsel. It was also the intent of the rules that the trial courts deal in a strong and forthright fashion with discovery abuse and discovery abusers.

*Id.*

The committee's comments advise that "the court may be required, depending upon the circumstances, to hold an evidentiary hearing to determine the appropriate nature of the sanctions and whether the sanctions should be entered against the party, counsel, or both. *See Robinson v. Higuera*, 157 Ariz. 622, 760 P.2d 622 (App. 1988)." Ariz.R.Civ.P. 16(f), comm. cmt.

Under former Rule 26, the trial court could not impose "the ultimate sanction" of striking a party's pleading "without expressly finding" that the *party* had obstructed discovery. *Nesmith v. Superior Ct.*, 164 Ariz. 70, 71, 790 P.2d 768, 769 (App.1990); *see also Lenze,* 160 Ariz. at 305, 772 P.2d at 1158 (finding that a hearing is required to determine whether a party was guilty of discovery misconduct). *But see Robinson v. Higuera,* 157 Ariz. 622, 624, 760 P.2d 622, 624 (App.1988) (determining that hearing may not be necessary "where willfulness or bad faith or fault of the party is clear from the record"). In addition, the record had to reflect that the trial court "thoroughly considered other, less severe, sanctions before resorting to the most extreme." *Nesmith,* 164 Ariz. at 72, 790 P.2d at 770; *see also Birds Int'l Corp. v. Arizona Maintenance Co., Inc.,* 135 Ariz. 545, 547, 662 P.2d 1052, 1054 (App.1983) (expressing preference for sanctions less drastic than dismissal).

■ A party's right to due process limits a trial court's authority to strike a pleading. *Lenze,* 160 Ariz. at 305, 772 P.2d at 1158; *see also Nesmith,* 164 Ariz. at 72, 790 P.2d at 770 (holding that constitutional limitations require that the sanction of dismissal be imposed "with great caution"). Rule 26.1 does *nothing* to alter this right. Here, the trial court struck Defendants' Answer without first making adequate inquiry and findings regarding whether the discovery process had been abused and, if so, the degree of the abuse, whether the abuse was the fault of Defendants or of Defendants' lawyers, and whether lesser sanctions would have been appropriate. *See Nesmith,* 164 Ariz. at 71–72, 790 P.2d at 769–70.

■ The procedural requirements specified in *Nesmith* and its predecessors survive the passage of Rule 26.1. While Rule 26.1(g) mandates that the trial court impose sanctions for discovery abuses, those sanctions must be appropriate, and they must be preceded by due process. The sanction that is appropriate and the process that is due depends on the circumstances and the exercise of trial court dis-

cretion. The heavier the sanction contemplated, the more deliberate the process that is due and the more thorough the findings that should be made. The process can take time, and the facts can be hard to find. But the supreme court has directed that trial courts take the time, manage the process, resolve the disputes, and sanction all lawyers and parties found to have violated the rules. *See* Ariz.R.Civ.P. 26.1 and cmts.

Plaintiffs cite *Copeland v. Arizona Memorial Coliseum and Exposition Center,* 176 Ariz. 86, 859 P.2d 196 (App.1993), as support for the trial court action here, but that case is distinguishable. *Copeland* involved an unfortunate series of errors by both plaintiff's counsel and the clerk of court, resulting in dismissal of a lawsuit for failure to prosecute within time limits prescribed by Uniform Rules of Practice for the Superior Court of Arizona V(e). The trial court in that case stated: "The court finds that the plaintiff has failed to actively prosecute this case and show good cause to set aside the order of dismissal." *Id.* at 89, 859 P.2d at 199. In *Copeland,* we found no clear abuse of trial court discretion, and we affirmed because the record supported the trial court findings— the errors by the clerk were not sufficient to excuse the errors by counsel. *Id.* at 90–91, 859 P.2d at 200–01.

■ In this case, the trial court made no findings, and that failure is one of the reasons reversal is required. Although the trial court did provide some explanation for the ruling, the explanation contained no findings and conclusions regarding issues in the dispute; rather, it showed that the trial court was simply referring the dispute to the Court of Appeals, not for review, but for initial decision. This is not our function. As the record stands, this discovery dispute is not ready for appellate review. Numerous factual matters and credibility determinations are unresolved. We would give great deference to trial court findings on these issues, but there were none.

The trial court struck Defendants' Answer because Defendants' lawyers did not "cough it up without being asked for it."

On this record, Defendants' lawyers have a colorable and unresolved claim that "it" was not relevant and, even if it was relevant, they did not know what "it" was until very shortly before the Answer was struck. And the record says nothing about what Defendants themselves might have done to warrant striking their Answer.

### III.

The discovery dispute that led to this special action still needs to be resolved by the trial court. The order striking Defendants' Answer is reversed, and the Answer is reinstated. The matter is remanded with directions that the trial court conduct an appropriate hearing and issue appropriate orders and sanctions in the exercise of its discretion based on the facts of this case and the mandates of Rule 26.1(g) and Rule 16(f).

TOCI, P.J., and EHRLICH, J., concur.