IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

OCT -9 2009

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| YOUSEF HAMMOUDEH, dba | ) | |
| CALIFORNIA AUTO MARKET, | ) | |
| | ) | 2 CA-CV 2009-0043 |
| Plaintiff/Counterdefendant/ | ) | DEPARTMENT B |
| Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| NAJAH SALEH JADA, | ) | |
| | ) | |
| Defendant/Counterplaintiff/ | ) | |
| Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF SANTA CRUZ COUNTY

Cause No. CV-07-175

Honorable Kimberly A. Corsaro, Judge Pro Tempore

AFFIRMED

Law Office of Mark L. Williams
  By Mark L. Williams

Nogales
Attorneys for Plaintiff/
Counterdefendant/Appellant

Lerma & Associates, P.C.
  By José M. Lerma

Tucson
Attorneys for Defendant/
Counterplaintiff/Appellee

V Á S Q U E Z, Judge.

¶1        Yousef Hammoudeh appeals from the trial court's entry of default judgment in favor of defendant/appellee Najah Jada after the court struck his complaint and answer to Jada's counterclaim as a sanction pursuant to Rule 37, Ariz. R. Civ. P., for his failure to comply with the court's discovery orders. On appeal, Hammoudeh contends the court abused its discretion by entering default judgment without first granting him an evidentiary hearing on the issue of sanctions. We affirm for the reasons that follow.

**Facts and Procedure**

¶2        We view the facts in the light most favorable to upholding the trial court's ruling. *Safeway Stores, Inc. v. Ramirez*, 1 Ariz. App. 117, 118, 400 P.2d 125, 126 (1965). In February 2005, Jada entered into an agreement with Hammoudeh to purchase a 1998 Mercedes-Benz for $14,500. The vehicle was in poor condition, however, and after two years of negotiating with Hammoudeh, Jada agreed in February 2007 to return the 1998 Mercedes-Benz and purchase a 2003 model. The parties agreed Jada would receive a credit for the value of the 1998 vehicle against the purchase price and the sale would be contingent upon his approval of the 2003 vehicle's condition. But when Jada inspected the 2003 Mercedes, he discovered its actual mileage was around 100,000 miles more than Hammoudeh had represented, and it was in "extensive need of repairs." He attempted to return it, but Hammoudeh refused to refund Jada's down payment or to return the 1998 Mercedes Jada had originally purchased or its purchase price. Jada therefore kept the 2003 Mercedes until Hammoudeh successfully repossessed it. Hammoudeh then filed a complaint in superior court, alleging Jada had failed to make payments on the 2003 Mercedes or return

2

it to Hammoudeh. Jada filed a counterclaim alleging common law fraud, conversion, and racketeering.[1]

¶3 In July 2007, Jada served his first set of discovery requests on Hammoudeh, who did not respond until November. Jada filed his initial disclosure statement pursuant to Rule 26.1, Ariz. R. Civ. P., in November and served a second request for discovery in December. Hammoudeh never filed a Rule 26.1 disclosure statement. In February 2008, Jada filed a motion to compel discovery and for attorney fees because Hammoudeh had not complied with the second discovery request. However, just before the start of the hearing on Jada's motion to compel, and more than two months after Jada had filed his second discovery request, Hammoudeh provided Jada with his responses. The court awarded Jada attorney fees for Hammoudeh's untimely disclosure and granted Jada leave to notify the court if the additional disclosure was inadequate.

¶4 On May 1, Jada filed notice with the trial court that Hammoudeh still had not produced everything Jada had requested. Although Hammoudeh once again supplemented his disclosure, it again was incomplete. In July, Jada moved to strike the complaint and answer to the counterclaim. Hammoudeh did not file a response but, at the September 26 hearing on the motion, requested an evidentiary hearing for the first time. The court denied Hammoudeh's request, granted Jada's motion to strike, and set the matter for a default hearing on the issue of damages. Hammoudeh appeared only through counsel on the first day of the hearing, and neither he nor his attorney appeared on the second day. After considering

---

[1]Section 13-2314.04, A.R.S., authorizes a private cause of action for racketeering.

3

the testimony and exhibits presented, the court entered default judgment in favor of Jada and awarded him $22,617.42 in compensatory damages as well as his costs and attorney fees. The court denied his requests for punitive damages on the fraud and conversion claims and for treble damages on the racketeering claim.

**Discussion**

¶5        On appeal, Hammoudeh contends the trial court should have held an evidentiary hearing before striking his pleadings and entering default judgment against him to determine whether he personally, as opposed to his former counsel, was responsible for his failure to comply with the court's discovery orders.[2]  "In reviewing a dismissal for discovery violations, we must uphold the trial court's order unless the record reflects a clear abuse of discretion." *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, ¶ 5, 993 P.2d 1110, 1111 (App. 1999).  However, the court's discretion to dismiss based on a violation of the discovery rules "is more limited than when it employs lesser sanctions." *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App. 1989).

¶6        Rule 37(b)(2), Ariz. R. Civ. P., states that, if a party "fails to obey an order to provide . . . discovery, . . . the court . . . may make such orders in regard to the failure as are just," including "striking out pleadings . . . or dismissing the action or proceeding . . . or

_____

[2]In his answering brief, Jada asks this court to strike Hammoudeh's opening brief for its failure to conform with our rules of civil appellate procedure.  In particular, he notes the brief was filed one day late.  However, none of the errors cited are jurisdictional, and Jada does not argue he was prejudiced by the apparently late filing of the opening brief.  Therefore, we will consider Hammoudeh's opening brief in the exercise of our discretion. *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, ¶ 19, 160 P.3d 223, 229 (App. 2007).

4

rendering a judgment by default against the disobedient party." Ariz. R. Civ. P. 37(b)(2)(C). However, any sanctions imposed for a violation of the discovery rules "must be appropriate[] and . . . preceded by due process." *Montgomery Ward & Co. v. Superior Court*, 176 Ariz. 619, 622, 863 P.2d 911, 914 (App. 1993). "The sanction of dismissal is warranted . . . when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery . . . and that the court has considered and rejected lesser sanctions as a penalty." *Wayne Cook*, 196 Ariz. 146, ¶ 12, 993 P.2d at 1113 (citation omitted); *see also Birds Int'l Corp. v. Ariz. Maint. Co.*, 135 Ariz. 545, 547, 662 P.2d 1052, 1054 (App. 1983).

¶7            Although an evidentiary hearing may often be necessary to determine whether responsibility for obstructing discovery lies with the party or with his counsel, such a hearing is not required when the facts are apparent from the record. *See Lenze*, 160 Ariz. at 306, 772 P.2d at 1159 (hearing necessary where "record . . . does not reveal whether any facts were raised before the trial court to indicate whether the failure to comply with the discovery order was the fault of appellant's . . . counsel as opposed to appellant"); *Robinson v. Higuera*, 157 Ariz. 622, 624, 760 P.2d 622, 624 (App. 1988); *Birds Int'l*, 135 Ariz. at 547, 662 P.2d at 1054. Hammoudeh suggests the record in this case does not reveal whether any such facts were raised below. We disagree.

¶8            In his motion to strike, Jada cited numerous instances in which Hammoudeh had personally attempted to mislead Jada and the court with his incomplete discovery responses. For example, in response to Jada's request for documentation related to the "creation, establishment, and current status of the business owned by [Hammoudeh] and

known as California Auto Market," including its charter and incorporation documents, Hammoudeh initially disclosed a copy of his business card under the names California Auto Market and Nevada Auto Sales. Similarly, when asked to disclose the relevant occupational licenses for his businesses, Hammoudeh produced licenses that were obtained after the transactions at issue in this case had occurred. He further apparently produced his personal automobile insurance policy rather than the insurance policy for the business and refused to clarify the relationship among his businesses California Auto Market, Nevada Auto Sales, and Diamond Word Enterprises, each of which was involved to some degree in vehicle sales.

¶9 Additionally, after being notified that his responses to Jada's second request for discovery were inadequate, Hammoudeh personally averred, under oath, that the additional disclosure was "true and correct to the best of [his] knowledge and belief." And, at no time did Hammoudeh assert that he had attempted to provide the full discovery requested but had been thwarted by his attorney. Indeed, between the time his former counsel withdrew in July and the hearing in September, Hammoudeh made no attempt to rectify his earlier failure to comply with Jada's discovery requests or the trial court's order. Thus, it is apparent from the record, and undisputed, that Hammoudeh was personally aware of, and responsible for, the inadequate discovery responses.

¶10 Furthermore, the trial court had already ordered Hammoudeh to comply with discovery and imposed monetary sanctions, which he failed to pay. During oral argument on the motion to strike, Jada's counsel noted they had

> been to court before . . . . We argued at length to this Court
> about Mr. H[a]mmoudeh's total irresponsibility and refusal to

6

> comply with the rules and to provide counsel with meaningful discovery as repeatedly requested of the Court. We never faulted Mr. Martin . . . . I know that Mr. Martin did what he could do to get compliance.

After considering the record, the court agreed with Jada and concluded, "It seems that [striking Hammoudeh's pleadings] is the only way to get this gentleman to accept responsibility for having filed a lawsuit which he refuses to cooperate in addressing."

¶11 The record below thus demonstrates Hammoudeh had engaged in a pervasive pattern of intentional discovery delay and subterfuge. And, given the trial court's proximity to these events and its prior attempt to obtain compliance with discovery through monetary sanctions assessed directly against Hammoudeh, we cannot say the court abused its discretion in concluding an evidentiary hearing was not necessary to determine fault, finding lesser means unavailable to secure compliance with the discovery rules, and therefore striking Hammoudeh's pleadings. *See Wayne Cook*, 196 Ariz. 146, ¶ 5, 993 P.2d at 1111.

¶12 While this appeal was pending, Division One of this court decided *Seidman v. Seidman*, 563 Ariz. Adv. Rep. 17 (Ct. App. Aug. 25, 2009). There the court stated, "Before a court may enter a default judgment as a discovery sanction, due process requires that it hold an evidentiary hearing to determine whether the fault of the discovery violation lies with the party or with counsel." *Seidman*, ¶ 19. However, in this case, Hammoudeh had a full opportunity to present his case at the April 2008 hearing for monetary sanctions, and he failed to respond to Jada's motion to strike filed in May or request an evidentiary hearing prior to the September hearing on that motion. And during the September hearing, although Hammoudeh for the first time requested that he and his former counsel be permitted to

7

testify, he made no specific offer of proof as to the substance of their testimony. Moreover, his personal fault is readily apparent from the record, and the trial court made a specific finding of his fault. Under these circumstances, we cannot say the court's failure to take additional evidence deprived him of due process. We accordingly find *Seidman* distinguishable.

**Disposition**

¶13 For the reasons stated above, we affirm. In our discretion, we grant Jada's request pursuant to A.R.S. § 12-341.01(A) for an award of attorney fees on appeal, upon his compliance with Rule 21, Ariz. R. Civ. App. P. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 28, 99 P.3d 1030, 1036 (App. 2004) (appellate court has discretion in awarding fees).

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge