NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GAICA FLOARE, *Plaintiff/Appellee*,

*v.*

PETRE DAMIAN, *Defendant/Appellant*.

No. 1 CA-CV 13-0349
FILED 07-08-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-005331
The Honorable J. Richard Gama, Judge

**REMANDED**

COUNSEL

Bellah Perez, PLLC, Glendale
By Sheila E. Harmer
*Counsel for Plaintiff/Appellee*

Florin V. Ivan PC, Glendale
By Florin V. Ivan
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

---

**B R O W N,** Judge:

¶1 Petre Damian appeals the superior court's order denying his motion to set aside a default judgment entered against him as a result of disclosure and discovery violations. Because the record is not clear as to whether fault for failure to comply with a discovery order was with Damian or his counsel, we remand to the superior court for further proceedings.

## BACKGROUND

¶2 On March 26, 2012, Gaica Floare filed a quiet title complaint alleging she agreed to pay Damian, her former brother-in-law, $75,000 to purchase a property with the understanding that she would own the property. Floare alleged further that Damian ignored their agreement by taking title to the property in his name. Damian filed an answer on April 27. On May 4, Floare served Damian with a request for production of documents,[1] uniform contract interrogatories, non-uniform interrogatories, requests for admissions, and a request for entry upon land.

¶3 On June 8, Damian's counsel, Art Reategui, requested an extension to June 29 to respond to the discovery requests, which Floare's attorney agreed to on the condition that Reategui provide Damian's disclosure statement at that time as well. On June 29, at Floare's request, counsel for both parties and Damian met to inspect the property, and at that time, Reategui informed Floare that he would need more time to provide the discovery responses. On July 2, Reategui e-mailed responses to the requests for admission, non-uniform interrogatories, and request for

---

[1] Floare requested copies of the real estate contract for the purchase of the property at issue and a copy of Damian's bank statement showing the deposit of $75,000 made to his account.

production.  Reategui also indicated that the bank statement would be forthcoming.  On July 31, Floare informed Reategui by letter that despite Reategui's partial compliance with Floare's request for production, she had never received Damian's disclosure statement, answers to the uniform contract interrogatories, or the bank statement information.

¶4        On August 13, Floare filed a motion for an order compelling the missing discovery responses and disclosure statement.[2]  Floare acknowledged recieving Damian's July 2 discovery responses, but she indicated that Damian had failed to provide the information outlined in her July 31 letter.  Damian did not respond to Floare's motion to compel discovery.  The superior court granted the motion on September 19 and ordered Damian to provide the missing discovery requests and disclosure statement no later than October 12.  The court also awarded attorneys' fees of $672 to Floare.

¶5        After Damian failed to comply with the court's order, Floare filed a "Motion For Entry Of Default Judgment Or For Alternative Sanctions Pursuant to Rule 37(B)."[3]  Floare asked the court to strike Damian's answer, but noted that "a default judgment should only be entered if the non-compliance was due to the willfulness or bad faith of the party and not the party's attorney[,]" and that "[a]n evidentiary hearing is required to determine whether the failure to comply was the result of the party's own willfulness or bad faith."  Floare also explained that "[a]t the hearing, the Court must make express findings as to (1) whether the fault for the violation lies with the party or counsel; (2) whether the violation was committed willfully or in bad faith; and (3)

---

[2]        We note that nothing in the record indicates that Floare's counsel complied with the certification requirement of Arizona Rule of Civil Procedure 37(a)(2)(C), which states that "[n]o motion brought under this Rule 37 will be considered or scheduled unless a separate statement of moving counsel is attached thereto certifying that, after personal consultation and good faith efforts to do so, counsel have been unable to satisfactorily resolve the matter."

[3]        Rule 37(b) sets forth several non-exclusive orders a court may issue in response to a party's failure to comply with an order to provide discovery, ranging from designating certain facts as being established or placing limitations on what evidence and claims or defenses the non-complying party may introduce to the most severe: "rendering a judgment by default against the disobedient party[.]"  Ariz. R. Civ. P. 37(b)(2)(A-C).

whether the egregiousness of the violation warrants the sanction of a default judgment."

**¶6**        Damian did not respond to Floare's motion.  On December 6, the court ordered the answer stricken and entered default judgment against Damian.  In doing so, the court reasoned that because Damian failed to respond to the motion for default or provide the outstanding discovery, his actions "represent[ed] extreme circumstances justifying dismissal of the formal Answer."  The court also found that Damian had "obstructed the discovery process and failed to participate in this action."  The court then awarded Floare her attorneys' fees and costs and entered a signed judgment of quiet title on January 29, 2013.

**¶7**        Attorney Florin Ivan filed a notice of appearance as "co-counsel" for Damian on February 22.  On March 4, he filed a motion to vacate the default judgment pursuant to Rules 55(c) and 60(c).[4] Specifically, Ivan argued the default judgment should be set aside because striking Damian's answer as a sanction without first conducting a hearing "did not conform with due process."  Additionally, Damian avowed that (1) he primarily speaks Romanian and that he does not speak or understand English except for a few common words; (2) he was not told he had to provide information to the court or Floare; and (3) he was "shocked" when he found out he lost his property without a court hearing.

**¶8**        The superior court denied the motion to vacate, finding Damian "failed to provide a good cause explanation for his prior failure to participate in the discovery of this action; failed to demonstrate a meritorious defense; and [had] failed to demonstrate a viable basis for his prior non-compliance with [the order to compel]."  Damian timely appealed from the court's denial of his motion to vacate.

## DISCUSSION

**¶9**        We review orders imposing sanctions for disclosure and discovery violations for an abuse of discretion.  *Montgomery Ward & Co., Inc. v. Superior Court In & For Cnty. of Maricopa*, 176 Ariz. 619, 621, 863 P.2d 911, 913 (App. 1993).

---

[4]        On the same day, Ivan served Floare with the disclosure statement and responses to the outstanding discovery requests.

¶10 As a threshold matter, Floare argues we should affirm the superior court's ruling because Damian's motion to vacate was untimely. Pursuant to Rule 55(c), an entry of default may be vacated "for good cause shown" or in accordance with Rule 60(c). Ariz. R. Civ. P. 55(c). Because Arizona law is well-settled that a party may not directly appeal from a default judgment; the proper procedure for initiating a challenge to such a judgment is by motion under Rule 55(c). *Byrer v. A. B. Robbs Trust Co.*, 105 Ariz. 457, 458, 466 P.2d 751, 752 (1970). Damian filed his Rule 55(c) motion just over a month after entry of the judgment; therefore, the motion was timely filed.

¶11 Generally, a court has broad discretionary power to impose sanctions for noncompliance with court orders compelling discovery and disclosure. *AG Rancho Equip. Co. v. Massey-Ferguson, Inc.*, 123 Ariz. 122, 123, 598 P.2d 100, 101 (1979). And, we follow the general principle that neglect of an attorney is attributed to the client. *Treadaway v. Meador*, 103 Ariz. 83, 84, 436 P.2d 902, 903 (1968). However, "[w]here the party is not guilty of misconduct in the discovery process he should not suffer default as a result of his counsel's guilty conduct." *Robinson v. Higuera*, 157 Ariz. 622, 624, 760 P.2d 622, 624 (App. 1988). A court's discretion may therefore be limited when a party's "failure to comply . . . [is] due to inability, and not to willfulness, bad faith or any fault of petitioner[.]" *Birds Int'l Corp. v. Arizona Maint. Co., Inc.*, 135 Ariz. 545, 546, 662 P.2d 1052, 1053 (App. 1983) (internal quotations omitted); *see also Estate of Lewis v. Lewis*, 229 Ariz. 316, 325, ¶ 29, 275 P.3d 615, 624 (App. 2012). Further, based on due process considerations, the court's discretionary power to enter a default as a sanction "is more limited than when it employs lesser sanctions." *Lenze v. Synthes, Ltd.*, 160 Ariz. 302, 305, 772 P.2d 1155, 1158 (App. 1989); *Montgomery Ward*, 176 Ariz. at 622, 863 P.2d at 914 ("A party's right to due process limits a trial court's authority to strike a pleading."); *see also U-Totem Store v. Walker*, 142 Ariz. 549, 553, 691 P.2d 315, 319 (App. 1984) ("The law favors resolving a case on the merits rather than by default."). Even so, the trial court's exercise of discretion "within those limits is entitled to deference on appeal." *Lenze*, 160 Ariz at 305, 772 P.2d at 1158.

¶12 Arizona courts have consistently followed the principle that prior to imposition of a sanction that results in dismissal of a case, a court should conduct a hearing to determine (1) whether fault for the violation lies with the client or counsel; (2) whether the violation was committed willfully or in bad faith; and (3) whether the nature of the violation warrants the ultimate sanction of dismissal or some lesser sanction. *See e.g.*, *Seidman v. Seidman*, 222 Ariz. 408, 411, ¶ 20, 215 P.3d 382, 385 (App. 2009); *see also Estate of Lewis*, 229 Ariz. at 324, ¶ 20, 275 P.3d at 623;

*Montgomery Ward*, 176 Ariz. at 622, 863 P.2d at 914; *Lenze,* 160 Ariz. at 306, 772 P.2d at 1159; *Birds Int'l*, 135 Ariz. at 547, 662 P.2d at 1054.

¶13 "Although an evidentiary hearing may often be necessary to determine whether responsibility for obstructing discovery lies with the party or with his counsel, such a hearing is not required when the facts are apparent from the record." *Hammoudeh v. Jada*, 222 Ariz. 570, 572, ¶ 7, 218 P.3d 1027, 1029 (App. 2009). Thus, "[d]ue process does not require that a hearing be held in every case," even where "sanctions of dismissal or entry of default judgment" are entered. *Robinson*, 157 Ariz. at 624, 760 P.2d at 624; *see also Marquez v. Ortega*, 231 Ariz. 437, 444, ¶ 27, 296 P.3d 100, 107 (App. 2013) (affirming denial of plaintiff's motion to extend deadline for discovery without a hearing where record was clear that plaintiff's attorneys were at fault and the sanction imposed was not tantamount to a dismissal).

¶14 The superior court's findings here do not offer any indication whether Damian or his counsel was responsible for the discovery violations. Additionally, nothing in the record suggests why Reategui essentially disappeared from the litigation after Floare filed her motion to compel. As to Damian, the only information in the record relevant to his involvement in the discovery requests is attached to his motion to vacate, in which he avowed he was shocked when he found out that he was in jeopardy of losing his property and "was not told that [he] must provide some information to the Court or [to Floare]." Thus, the existing record does not support a finding that Damian was aware of the discovery issues, much less that he acted willfully or in bad faith to obstruct the process. We therefore conclude that the superior court erred in denying the motion to vacate without first conducting a hearing to determine responsibility for the disclosure and discovery violations. *See Lenze,* 160 Ariz. at 306, 772 P.2d at 1159 (holding that trial court should have held an evidentiary hearing prior to imposing default judgment as a sanction);[5] *cf. Hammoudeh*, 222 Ariz. at 572, ¶¶ 7-8, 218 P.3d at 1029

---

[5] In *Lenze*, the trial court granted plaintiff's motion to strike the defendant's answer based on repeated failures to attend scheduled depositions. 160 Ariz. at 303-04, 772 P.2d at 1156-57. After default judgment was entered, new counsel unsuccessfully moved to set aside the default judgment. On appeal, we remanded for an evidentiary hearing because the record did not "reveal whether any facts were raised before the trial court to indicate whether the failure to comply with the discovery

(holding that an evidentiary hearing is not necessary when there were numerous instances in the record demonstrating that the defendant "personally attempted to mislead [the plaintiff] and the court with his incomplete discovery responses.").

¶15 Floare requests an award of attorneys' fees on appeal pursuant to Arizona Revised Statutes section 12-1103. Because we are remanding for further proceedings, the request is denied without prejudice. The superior court may consider awarding such fees pending the ultimate outcome of the litigation and determination of the successful party.

**CONCLUSION**

¶16 Based on the foregoing, we conclude that the superior court erred in denying Damian's motion to vacate without conducting a hearing to determine responsibility for failure to comply with the discovery order. We therefore remand for further proceedings. If the court finds that Damian had knowledge of the discovery order and that he willfully or in bad faith failed to comply, the default judgment shall remain in effect. *See Lenze*, 160 Ariz. at 306, 772 P.2d at 1159. Alternatively, if the court finds that Damian was not at fault, the default judgment shall be vacated and consideration of the quiet title dispute shall continue. *Id.* In such case, the court may impose other sanctions it deems appropriate under Rule 37. *Id.*



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh

---

order was the fault of appellant's former counsel as opposed to appellant." *Id.* at 306, 772 P.2d at 1159.