NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DENNIS MICHAEL SMITH, *Petitioner/Appellant*,

*v.*

TRICIA ANN FREDERICK, *Respondent/Appellee*.

No. 1 CA-CV 13-0443
FILED 11-06-2014

Appeal from the Superior Court in Maricopa County
Nos. DR1994-001148, DR1996-010662 & DR1999-022098
(Consolidated)
The Honorable John R. Hannah, Jr., Judge

**AFFIRMED**

COUNSEL

Gillespie, Shields & Durrant, Phoenix
By DeeAn Gillespie Strub
*Counsel for Petitioner/Appellant*

Rowley Chapman & Barney, LTD, Mesa
By Paul S. Rowley, Nathaniel H. Wadsworth
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

---

**J O N E S**, Judge:

¶1 Dennis Michael Smith (Father) appeals the trial court's denial of his motion for a new trial, in which he sought an evidentiary hearing to determine whether counsel for Tricia Ann Frederick (Mother) should be held jointly and severally liable for a fee award entered against Mother. For the following reasons, we affirm the trial court's ruling.

**FACTS AND PROCEDURAL HISTORY**

¶2 Father and Mother are the unmarried parents of a daughter (Child), born in 1999. In January 2011, Father filed a petition to modify a 2008 parenting time and custody order, in which he and Mother shared legal custody, he was the primary residential parent, and Mother had scheduled parenting time.

¶3 In his petition, Father sought sole custody of Child, with limited supervised parenting time to Mother until Child was "emotionally stabilized." Father argued that Mother previously obtained an order of protection against him by "baselessly" alleging Father of sexual abuse on the grounds that he had failed to protect the Child from being "groomed" by a neighbor. The order was quashed forty-two days after it was issued, but Father was denied access to Child during that time period. Father asserted that, during the forty-two-day period, Mother emotionally manipulated Child into hating Father. Father further alleged Mother had made similar baseless accusations in the past.

¶4 Mother responded to Father's petition, and filed a cross-petition to modify parenting time and custody in which she sought sole legal custody of Child with restricted access for Father. Mother noted that the parenting coordinator had recommended that the parents explore changing the existing custody and parenting arrangement in light of Child's age and "the ongoing circumstances of the parents."

¶5 The trial court held a two-day hearing on the petitions, at which the parenting coordinator, among others, testified. The court,

thereafter, awarded sole legal custody to Father, and granted Mother limited access to Child. In reaching its decision, the court noted that Child Protective Services had found Mother emotionally abused Child by coercing her to accuse Father of sexual abuse, sought to alienate Child from Father, and falsely accused Father of sexual abuse and of driving while intoxicated with Child in the vehicle.

¶6        The trial court then scheduled an evidentiary hearing on Father's request for attorneys' fees against Mother and her attorney pursuant to Arizona Revised Statutes (A.R.S.) sections 12-349[1] and 25-324, and Arizona Rule of Family Law Procedure 31.

¶7        Three weeks prior to the hearing, Father filed a memorandum outlining the reasons Mother's counsel should be held jointly and severally liable for any fee award.   Father alleged that counsel: (1) "made, and/or allowed to be made, misrepresentations in this proceeding;" (2) failed "to amend his pleadings when he learned of the false and unsubstantiated allegations made by Mother;" and (3) filed "motions and other papers with false allegations that he would have known were false had he conducted any reasonable inquiry."   He further requested Mother's counsel be disqualified from representing her at the fees hearing because of the conflict of interest created by the possibility they may be jointly and severally liable for any fee award. Father also moved for the hearing to be reset so Mother could retain new counsel.

¶8        The court denied Father's requests to disqualify Mother's attorney and reset the hearing. In a detailed minute entry, the court noted that disqualification should be granted only in extreme circumstances and explained its reasoning for declining to do so in this instance:

> The benefit to Father, from disqualification of Mother's counsel, does not outweigh the burden of delay and the risk of unfairness to Mother. The reason is that Father is not likely to prevail on his claim for a fee award against Mother's attorney. The law offers little support for such an award under the circumstances of this case.
>
> Section 12-349 applies only if a party brings a claim without substantial justification or for harassment or delay, or

---

[1]        Absent material revisions since the relevant date, we cite to the current version of a statute or rule unless otherwise stated.

abuses the discovery process, or unreasonably expands or delays the proceedings. The record does not support the conclusion that Mother's argument for sole custody was so legally and factually unjustifiable that an attorney should be personally liable for presenting her case. [The parenting coordinator]'s testimony supported Mother's position. Although Mother's counsel filed a lot of pleadings and raised a lot of issues, it would be difficult to conclude that his tactics unreasonably expanded the proceedings in light of the extremely contentious nature of the underlying dispute.

[Arizona Rule of Family Law Procedure] 31 applies to specific pleadings, and it is limited to the costs incurred as a result of those pleadings. Neither Mother's response to Father's petition nor Mother's written closing argument, taken as a whole, warrants sanctions. Closing arguments, in particular, are often filled with hyperbole. Any request for sanctions based on a particular filing during the litigation (such as the drug testing request) should have been made at the time of the filing.

The other sources of authority offered by Father do not apply. A.R.S. section 25-324 does not authorize a fee award against an attorney. *Mangan v. Mangan*, 227 Ariz. 346, 258 P.3d 164 (App. 2011) was decided under the Rules of Appellate Procedure.

¶9        The trial court then went forward with the fees hearing, and awarded fees to Father in the amount of $44,613.33 against Mother pursuant to A.R.S. § 25-324; the court, however, denied Father's request to hold Mother's counsel jointly and severally liable for the fee award.

¶10        Father then filed a motion for new trial on his claim for an award of attorneys' fees against Mother's attorney. Father re-urged his position regarding the alleged misconduct of Mother's attorney. He also argued that the parenting coordinator's testimony should not shield Mother's counsel from being liable for fees, and that he should be permitted to examine Mother's counsel to determine what inquiries he made, if any, before advancing Mother's positions.

¶11        The trial court denied Father's motion for new trial, explaining:

Although the Court shares many of the concerns expressed about the burden this latest round of litigation has placed on [Father] and its likely negative effect on the child, the imposition of fees against the opposing party's attorney would be a bridge too far on this record. The evidence presented at the hearing on attorney's fees did not change the Court's conclusion that, in light of the testimony of [the parenting coordinator], the position taken by counsel on behalf of [Mother] was not "without substantial justification." A.R.S. § 12-349(A)(1). The accusations of sexual abuse against [Father] came the closest to "unreasonably expand[ing] or delay[ing] the proceeding," A.R.S. § 12-349(A)(3), but in the end it would not have been possible to untangle those allegations from the rest of the facts, so that the only thing counsel could reasonably have done was to refrain from pushing those allegations at trial — which he did.

¶12        Father timely appealed from the denial of his motion for new trial. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(a).

**STANDARD OF REVIEW**

¶13        We review a trial court's decision denying a motion for new trial for an abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450, 916 P.2d 1164, 1166 (App. 1996). We will reverse a trial court's denial of a new trial motion "only if it reflects a manifest abuse of discretion given the record and circumstances of the case." *Id.* (citing *Blakely Oil, Inc. v. Wells Truckways, Ltd.*, 83 Ariz. 274, 278, 320 P.2d 464, 466 (1958)). We also review all aspects of a court's decision related to sanctions under Arizona Rule of Family Law Procedure 31 for an abuse of discretion. *See James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319, 868 P.2d 329, 332 (App. 1993) (considering Arizona Rule of Civil Procedure 11, on which Rule 31 is predicated).[2] We review the court's application of A.R.S. § 12-349 *de novo*. *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 555, ¶ 27, 20 P.3d 590, 598 (App. 2001).

---

[2]        *See* Ariz. R. Fam. L.P. 31, Committee Comment.

## DISCUSSION

**¶14**     Father argues that Mother's counsel was subject to sanctions in the form of attorneys' fees pursuant to Arizona Rule of Family Law Procedure 31 and A.R.S. § 12-349,[3] and that Father was entitled to an evidentiary hearing to demonstrate the basis for finding Mother's counsel jointly and severally liable for the fee award. Father argues that the court abused its discretion in denying him a new trial on this point.

**¶15**     Rule 31 is violated when a party or counsel files a pleading or paper and knows or should know from reasonable inquiry that the claim or defense is legally or factually groundless or when the paper filed is intended to cause delay, harassment, or some other improper purpose. Ariz. R. Fam. L.P. 31(a). Under A.R.S. § 12-349, as pertinent here, the court must assess a sanction against an attorney or party if it finds by a preponderance of the evidence that the attorney or party (1) brought or defended a claim without substantial justification; (2) brought or defended a claim solely or primarily for delay or harassment; or (3) unreasonably expanded or delayed the proceedings. A.R.S. § 12-349(A)(1)-(3); *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243-44, 934 P.2d 801, 807-08 (App. 1997) (holding preponderance of the evidence as the appropriate standard under A.R.S. § 12-349). At the time of these proceedings, "without substantial justification" meant that the claim or defense constituted

---

[3]     Father also contends that fees may be awarded jointly and severally against Mother's counsel under A.R.S. § 25-324. The language of the statute, however, provides for no such relief. *See Michael J. Jr. v. Michael J. Sr.*, 198 Ariz. 154, 157, ¶ 15, 7 P.3d 960, 963 (App. 2000) (stating we follow the plain meaning of a statute where its language is unambiguous). The statute authorizes or compels an award of fees by one "party" to "the other party." A.R.S. § 25-324(A)-(B). It makes no provision for a fee award against counsel. Father's reliance upon *Mangan v. Mangan*, 227 Ariz. 346, 258 P.3d 164 (App. 2011), and *In re Marriage of Williams*, 219 Ariz. 546, 200 P.3d 1043 (App. 2008), is misplaced. In *Mangan*, this Court awarded fees on appeal against a mother under § 25-324, and held her appellate counsel joint and severally liable under Arizona Rule of Civil Appellate Procedure 25, not A.R.S. §25-324, because of counsel's misrepresentation of the record and counsel's reliance on an unpublished decision on appeal. *Mangan*, 227 Ariz. at 354, ¶ 32, 258 P.3d at 172. In *Williams*, the court did not consider whether counsel should be jointly and severally liable for a fee award, and is not applicable. *Williams*, 219 Ariz. at 547, ¶ 1, 200 P.3d at 1044.

harassment, was groundless, and was not made in good faith. A.R.S. § 12-349(F) (2011).[4]

**¶16**          Father argues he was entitled to an evidentiary hearing and the trial court wrongly denied his request for one.[5] Not so. Neither Rule 31 nor A.R.S. § 12-349 requires the court to conduct a hearing, and Father has offered no authority that he was entitled to an evidentiary hearing under these provisions. Father cites *Ruesga v. Kindred Nursing Centers, L.L.C.*, 215 Ariz. 589, 161 P.3d 1253 (App. 2007), and *Brake Masters Systems, Inc. v. Gabbay*, 206 Ariz. 360, 78 P.3d 1081 (App. 2003), both of which concern the appropriateness of evidentiary hearings in determining the existence or terms of an arbitration agreement. Father does not explain how these cases apply in light of his request for sanctions against an opposing party's attorney, and we do not find them instructive on the issue.

**¶17**          Under Rule 11, "the court's inquiry into violations of the rule should ordinarily be restricted to the record then before the court" and "discovery directed to the signer's conduct should be allowed only by leave of court and should not be permitted in the absence of clear appearance of

---

[4]          Effective January 1, 2013, "without substantial justification" no longer required a showing of "harassment." A.R.S. § 12-349(F) (2014).

[5]          Father likens the hearing he seeks to a "culprit hearing" in the context of Arizona Rule of Civil Procedure 37(b). Under that rule, a trial court may conduct a "culprit hearing" to determine if a party, rather than the party's counsel, is responsible for a disclosure or discovery violation. *Marquez v. Ortega*, 231 Ariz. 437, 444, ¶ 26, 296 P.3d 100, 107 (App. 2013). The purpose of the hearing is to protect the party from a dispositive sanction when the fault lies with counsel exclusively, *id.* (citing *Lund v. Donahoe*, 227 Ariz. 572, 581, ¶¶ 33-34, 261 P.3d 456, 465 (App. 2011)), and to ensure that the party against whom a sanction is imposed has received due process. *Id.*; *see Hammoudeh v. Jada*, 222 Ariz. 570, 572, ¶ 6, 218 P.3d 1027, 1029 (App. 2009). A hearing in such cases may be necessary depending on the circumstances in general, the severity of the sanctions, and the judge's participation in the proceedings, knowledge of the case, and need for further inquiry. *Marquez*, 231 Ariz. at 444, ¶ 26, 296 P.3d at 107 (citing *Lund*, 227 Ariz. at 582, ¶ 37, 261 P.3d at 466). A hearing is not required, however, when a determination can be made on the record. *Hammoudeh*, 222 Ariz. at 572, ¶ 7, 218 P.3d at 1029. The analogy to a "culprit hearing" is imprecise, however, as in those instances it is the party against whom the sanctions are levied that may request the hearing to excuse or justify his actions — not the party requesting sanctions.

abuse." Ariz. R. Civ. P. 11(a), 1984 State Bar Committee Note. This Court has recognized that the necessity of an evidentiary hearing on sanctions depends upon the nature of the case, including the general circumstances, the type and severity of sanctions under consideration, and the judge's participation in and knowledge of the case. *Precision Components v. Harrison, Harper, Christian & Dichter, P.C.*, 179 Ariz. 552, 556-57, 880 P.2d 1098, 1102-03 (App. 1993).

**¶18** The judge here was involved in this matter for more than a year and presided over the trial on the cross-petitions for modification of custody. The court's specific findings following the hearing demonstrate it was well aware of Mother's various false accusations against Father. Additionally, the record before the court contained the same information that Father contends should have given notice to Mother's counsel to refrain from advancing certain positions. The court was sufficiently informed to assess the propriety of Father's position regarding fees, and implicitly determined it did not require further inquiry into the matter to reach its decision. *See Precision Components*, 179 Ariz. at 556, 880 P.2d at 1101 ("In many situations, . . . 'the judge's participation in the proceedings provides him with full knowledge of the relevant facts and little further inquiry will be necessary.'") (quoting with approval 5A C. Wright and A. Miller, *Federal Practice and Procedure* § 1337 at 128-29 (1990)).

**¶19** After consideration of the evidence and the record, the trial court determined an award of attorneys' fees against Mother's counsel was unwarranted. Specifically, the court found the parenting coordinator's testimony supported Mother's position and, therefore, her argument for sole custody was not "without substantial justification." Also, the trial court found the evidence provided at the fees hearing did not demonstrate counsel's actions unnecessarily delayed or expanded the proceedings. Consequently, the court concluded that Mother's counsel should not be liable for attorneys' fees for presenting Mother's case. Because Father has not provided a transcript of the trial, we presume that the transcript would substantiate the court's findings and conclusions. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) (noting where appellant fails to ensure record on appeal contains necessary information, we presume the missing information supports the court's ruling).

**¶20** Upon this record, we find no abuse of discretion in the trial court's denial of Father's request for an evidentiary hearing on his claim for attorneys' fees against Mother's counsel.[6]

**CONCLUSION**

**¶21** We find no basis to conclude Father was entitled to an evidentiary hearing. Accordingly, we find no abuse of discretion in the trial court's denial of Father's motion for new trial seeking such a hearing, and affirm its ruling. Mother seeks an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324; in our discretion, we deny her request.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[6] Because we find Father was not entitled to an evidentiary hearing on his claim for joint and several attorneys' fees against Mother and her counsel, we need not reach the issue of whether the trial court erred by finding Father's request for the evidentiary hearing was untimely.